CLASSAPHINE CLACK, Respondent, v. KANSAS
CITY ELECTRICAL WIRE SUBWAY COM-
PANY, Appellant.

Kansas City Court of Appeals, May 31, 1909.

1. **NEGLIGENCE: Instruction.** An instruction in a suit for damages for personal injuries from the tilting of the cover of a manhole in a sidewalk when plaintiff stepped on it, that though the cover teetered at the time, yet if said condition was not caused by any defect in its construction or in the manner it was placed in position, or failure to keep it in repair, but from some other cause then defendant's fault, which arose after it was placed in position, is not defective because it does not charge that it was defendant's duty to inspect and keep the manhole in such shape that it, would be reasonably safe, two other instructions having stated it was defendant's duty to have made and kept the cover as a part of the walk, safe for travel.

2. ———: ———. An instruction being good as far as it goes, if plaintiff wished it to be more specific she should have asked such herself instead of complaining of omissions.

3. **NEW TRIAL: Grounds.** A new trial granted for the specific reason of error in instruction, will not be sustained because of misconduct of the jury, shown by one affidavit only which may not have been credited by the trial judge and not accepted as absolute and conclusive proof.

Appeal from Jackson Circuit Court.—*Hon. E. E. Porter-field,* Judge.

REVERSED AND REMANDED (*with directions*).

*John H. Lucas, F. G. Johnson* and *C. S. Palmer* for appellant.

Instruction No. 3 given for the defendant was proper. There was no substantial evidence that the manhole was defective, therefore there was no obligation on defendant to make repairs. Carvin v. St. Louis, 151 Mo. 334; Wright v. Gillespie, 43 Mo. App. 244; Otto v. Rail-

road, 12 Mo. App. 168; Montgomery v. Railroad, 181 Mo. 477; Ashby v. Gravel Road Co., 111 Mo. App. 79; Sonnen v. Transit Co., 102 Mo. App. 271; Brown v. Transit Co., 108 Mo. App. 310. There was no error in refusing plaintiff's instruction relating to contributory negligence. No such issue was presented by the pleadings or submitted to the jury in any instruction given for the defendant. Ramp v. Railway, 114 S. W. 59. There was no competent evidence of any alleged misconduct of the jury. Kansas City v. Bacon, 147 Mo. 259; Jobes v. Weaver, 77 Mo. App. 665; McCormick v. Monroe, 64 Mo. App. 197; Philips v. Stewart, 69 Mo. 149. The evidence did not justify the submission of the case to the jury. There was no evidence of any negligence of defendant. Carvin v. St. Louis, 151 Mo. 334; Buckley v. Kansas City, 156 Mo. 16. There was no evidence of the causal connection between the alleged condition of the manhole and the injuries of plaintiff. Cothron v. Packing Co., 98 Mo. App. 343; Plefka v. Knapp, 145 Mo. 316; Young v. Railroad, 113 Mo. App. 636; Warner v. Railroad, 178 Mo. 125; Smart v. Kansas City, 91 Mo. App. 586; Candle v. Kirkbride, 117 Mo. App. 412; Stepp v. Railroad, 85 Mo. 229; Searles v. Railroad, 101 N. Y. 661.

*N. F. Heitman* for respondent.

Defendant's instruction 3 was clearly erroneous. Congreve v. Smith, 18 N. Y. 79; Independence v. Railroad, 86 Mo. App. 585; Mancuso v. City, 74 Mo. App. 138; Gordon v. Pelzer, 56 Mo. App. 599; Benjamin v. Met., 133 Mo. 274; Stolezele v. Swearengen, 90 Mo. App. 588; Buckley v. City, 95 Mo. App. 188; Noble v. City, 95 Mo. App. 167; Lanning v. Galusha, 135 N. Y. 239. Defendants not only had no license from city to maintain this sidewalk in a bad condition, but it was expressly forbidden to do so. At least, it was expressly required to keep it in a good condition for a year. The violation of this ordinance brings this case within Congreve v.

Clack v. Subway Co.

Smith, 18 N. Y. 79; Buesching v. Gas Light Co., 73 Mo. 227; Irvine v. Wood, 51 N. Y. 224; Trustees v. Foster, 156 N. Y. 354; Tremblay v. Harmony Mills, 171 N. Y. 598; Reedy v. Brewery, 161 Mo. 533; Casey v. Bridge Co., 114 Mo. App. 61; Abbott v. Railway, 83 Mo. 276; Reed v. Mexico, 101 Mo. App. 158. It was unlawful—violative of said ordinance—to have and maintain said elevations and depressions in said brick, and said teetering cover. This bad condition was a nuisance because unlawfully violative of said ordinance. See authorities cited under point II. This ordinance and its specific violation distinguishes this case from Calvin v. St. Louis, 151 Mo. 334. It makes this a nuisance case. Congreve v. Smith, 18 N. Y. 79; Buesching v. Co., 73 Mo. 227; Drake v. City, 190 Mo. 370. Said elevations and depressions in said brick and said teetering cover speak violation of said ordinance. Stoher v. Railway, 91 Mo. 509; Gallagher v. Co., 72 Mo. App. 576; Tateman v. Railway, 96 Mo. App. 448; Olsen v. Railway, 152 Mo. 426; Blanton v. Dold, 109 Mo. 64; McCarthy v. Railway, 105 Mo. App. 596. As to the so-called admissions of the plaintiff, which are so magnified in the defendant's brief, the law is that her credibility like that of all other witnesses was for the jury, and not the court. Sheperd v. Railroad, 189 Mo. 373; Jennings v. Swift & Co., 130 Mo. App. 391; Ephland v. Railway, 57 Mo. App. 162; Connor v. Railway, 181 Mo. 415; Zander v. Company, 206 Mo. 461; Newcomb v. Railway, 169 Mo. 409. Under the testimony of Charles Gilham and DeWolf and the plaintiff the case was certainly for the jury. Buesching v. Gas Light Co., 73 Mo. 219; Donohue v. Railway, 91 Mo. 357; Young v. Atel Co., 185 Mo. 662; Beauvis v. St. Louis, 169 Mo. 500; Drake v. City, 190 Mo. 370; Dinsmore v. St. Louis, 192 Mo. 255.

ELLISON, J.—Plaintiff was walking along a sidewalk in an alley way of Kansas City and stepped upon the cover or frame of a "manhole" leading into a subway

built by defendant under ordinances of the city. She charged that the cover tilted so as to throw her down, whereby she was injured. She brought this action for damages and upon trial the verdict was for the defendant in the circuit court. She filed a motion for new trial which the court sustained on the ground of "error in the instructions." Defendant thereupon appealed from that order.

The principal point made by plaintiff in support of the order for new trial is error in instruction No. 3, given for the defendant. It reads as follows:

"The court instructs the jury that though you may find and believe from the evidence that the cover of the manhole in question teetered at the time plaintiff claims she was injured, yet if you further find and believe from the evidence that said condition was not caused by any defect in its construction or in the manner it was placed in position, or failure to keep same in repair, but from some other cause or causes other than the fault of defendant, which arose subsequent to the time of its being placed in position in the alley in question, then you cannot find a verdict against the defendant, on account of the condition of said cover at the time plaintiff claims to have been injured."

The criticism is that the instruction omits to charge that it was defendant's duty to inspect and keep the manhole in such repair as to make it reasonably safe. In passing on a criticism of a single instruction for defendant it is necessary to understand the negligence charged and especially other instructions on the same subject which have been given. In this case plaintiff had asked and the court had given very full instructions as to the duty of the defendant in constructing the manhole so as that it would be safe for travel, or to state it differently, so that it would not render the sidewalk unsafe, and the jury were specifically informed as to the manner of its construction, as well as being directed that if it had been constructed in such way as to leave it with "elevations

and depressions" so as to cause the top to be unstable or
to tilt if one stepped on it, then the defendant was guilty
of negligence. The instruction on this head was lengthy
and specific, so much so that the closing paragraph in-
forms the jury that what was meant by the prior particu-
lar statements of defendant's negligent omissions or
commissions. It reads:

"By this statement the court means that it was the
duty of the defendant to have made *and kept* said cast
iron cover in such stable and unteetering condition as a
part of said sidewalk as to render and constitute said
part of said sidewalk in a good condition on the 4th day
of February, 1901, and if you believe from the evidence
that the defendant negligently failed to make *or keep*
said cover as a part of said sidewalk in a good condition
on said date, then the defendant was guilty of negli-
gence." (Italics ours.)

But more than that, plaintiff had the court give in-
struction No. 2, reciting an ordinance of the city pre-
scribing defendant's duty in constructing the manhole
and sidewalk surrounding it and informing them that
if defendant had not obeyed such ordinance it was guilty
of negligence. This instruction also referred to defend-
ant's duty to not only construct but to *keep* the walk and
manhole safe for travel.

In view of these specific instructions for plaintiff—
reading defendant's instruction which is complained of
with them—leaves no room whatever for objection to de-
fendant's instruction. That instruction is in line with
those for plaintiff, for it submits the hypothesis of de-
fendant keeping the manhole covering in repair. We
think the instruction wholly without fault and that the
trial court's first conclusion as to its being proper was
correct. But even if it could have gone further, yet it
was good so far as it did go, and if plaintiff wished it to
be more specific she should have asked such herself in-
stead of complaining of omissions. [Montgomery v.

138 App.—14

Railway Co., 181 Mo. 477, 498; Browning v. Railway Co., 124 Mo. 55, 71; Ashby v. Gravel Road Co., 111 Mo. App. 79, 85.] But we do not think there was any occasion for further instructions. There was no ground to suppose the jury was not fully informed as to the issues or that they could have been misled.

Plaintiff asked the trial court to declare as a matter of law that she was not guilty of contributory negligence. This the court rightly refused. The testimony of plaintiff in her own behalf, especially the cross-examination, afforded abundant ground for the court's action.

Going outside of the reasons assigned by the court for granting the new trial, plaintiff suggests that evidence was improperly admitted as to the condition of the manhole since the day plaintiff fell upon it. We do not think so. It was properly connected with its condition prior to the accident. [Smith v. Mo. & Kan. Tel. Co., 113 Mo. App. 429.]

The motion for new trial assigned as one of the causes that the jury was guilty of misconduct in looking at the manhole and sidewalk while the case was on trial. It is not stated, nor was it shown, that plaintiff was not aware of this while the trial was on. If she was, she should then have brought it to the attention of the court and not awaited the verdict to see if she might not be the gainer. It should have been made to appear that her information came to her after the trial. The proof of the misconduct consisted in an affidavit that one juror looked at the place. But the court ignored the matter and granted the new trial only for the specified reason of error in instructions. For aught we know the court did not credit the statement. To accept the affidavit as absolute and conclusive proof would put it in the power of one person to destroy a verdict. The case is not like that of Winn v. Reed, 61 Mo. App. 621. In that case the truth of the statement in the affidavit was practically confessed. The means of contradicting it, if not true,

were at hand, while in this case no such condition appears.

In our opinion the case was fairly tried. The instructions were full and did not contain error, and as no other ground appears for a new trial we will reverse the judgment and remand the cause with directions to enter judgment for defendant on the verdict.

All concur.