John McGuffie *vs.* Stinson Hooper.

Hancock.     Opinion December 22, 1922.

*To constitute sufficient cause for a new trial where the knowledge of the alleged mis-*
*conduct of a jury or a juror was not brought to the attention of the trial judge*
*until after verdict, it must affirmatively appear that neither the*
*party complaining nor his counsel had any knowledge of*
*such misconduct before the verdict.*

In order for misconduct of a jury or of a juror to be a sufficient cause for a new trial when the facts constituting the alleged misconduct were not brought to the attention of the trial judge until after verdict, it must affirmatively appear that neither the party complaining nor his counsel had any knowledge of such misconduct before the verdict.

Nothing in this case negatives the presumption that the verdict represents the jury's judgment, and for the judgment of the jury, upon issues of fact, we are not authorized to substitute that of the court.

On motions for new trial by defendant. This is an action to recover damages for the alienation of the affections of the plaintiff's wife by the defendant. The cause was tried to a jury and a verdict for $3,258.33 was rendered for the plaintiff. The defendant filed a general motion for a new trial, and also filed another motion for a new trial based upon alleged misconduct of one of the jurors.

Both motions overruled.

The case is stated in the opinion.

*Wiley C. Conary, F. H. Ingraham and Alvah L. Stinson,* for plaintiff.
*Charles T. Smalley and Charles H. Wood,* for defendant.

Sitting: Cornish, C. J., Spear, Philbrook, Wilson, Deasy, JJ.

Deasy, J. This is an action to recover damages for alienation of affections. The verdict was for the plaintiff. The defendant moves for a new trial on general grounds and because of the alleged misconduct of a juror.

MISCONDUCT OF JUROR.

The plaintiff's wife was a witness for the defendant. It appears that during a recess, before her testimony was given, one of the jurors hearing the case, seeing her in tears, said in the hearing of certain others of the defendant's witnesses, "She is putting it on for effect."

Assuming that this is such misconduct as would otherwise warrant it, a new trial on this ground must be denied because the defendant did not until after the verdict notify the court of the incident and has failed to explain the delay.

If the defendant or his counsel knew of the misconduct before verdict and failed to promptly report it to the court it was, after verdict for the plaintiff, too late to take advantage of it. A litigant having information of facts warranting an order of mistrial who withholds such information and thus avails himself of the chance of a favorable verdict must be held to have impliedly agreed to abide the result if unfavorable. *Tilton* v. *Kimball,* 52 Maine, 500. *Fessenden* v. *Sager,* 53 Maine, 531. *Hussey* v. *Allen,* 59 Maine, 269. *Belcher* v. *Estes,* 99 Maine, 314.

True it is not shown that either the defendant or his counsel had any information as to the alleged misconduct until after verdict.

But it is well settled that a party moving for a new trial on the ground of a juror's misconduct, or for other similar cause, must show affirmatively that when the facts came to his knowledge, or that of his counsel, such facts were promptly reported to the court.

"A party seeking to set aside a verdict has been required and rightfully to negative the fact of such knowledge on his part."

*Tilton* v. *Kimball,* 52 Maine, 500.

"In order for misconduct of the jury to be cause for a new trial, it must affirmatively appear that neither the party complaining nor his counsel had any knowledge of such misconduct before the verdict." *Brooks* v. *Camak,* (Ga.), 60 S. E., 458.

See to same effect *Rollins* v. *Ames,* 2 N. H., 349; *Kinneberg* v. *Kinneberg,* (N. D.), 79 N. W., 337; *Grantz* v. *Deadwood,* (S. D.), 107 N. W., 832; *Wooters* v. *Craddock,* (Tex.), 46 S. W., 916; *New* v. *Jackson,* (Ind.), 95 N. E., 332; *Clack* v. *Subway Co.,* (Mo.), 119 S. W., 1014.

MOTION ON GENERAL GROUNDS.

Applying to this case well known principles often stated and unnecessary to reiterate, the verdict must stand.

Nothing in the case negatives the presumption that the verdict represents the jury's judgment and for the judgment of the jury, upon issues of fact, we are not authorized to substitute that of the court. The report of the evidence well illustrates the ancient proverb "many littles make a mickle." Of the defendant's individual acts shown, no one proves guilt or necessarily discloses impropriety of conduct. But the cumulative force of a long series of such acts justified the conclusion which the jury drew.

*Both motions overruled.*