HERBERT W. TITTLE
*vs.*
RAYMOND R. RUMMEL

HERBERT W. TITTLE, JR.
*vs.*
RAYMOND R. RUMMEL

Hancock.   Opinion, June 17, 1958.

*Herbert T. Silsby II,* for plaintiff.

*Blaisdell & Blaisdell,*
*Charles Hurley,* for defendant.

SITTING: WILLIAMSON, C. J., WEBBER, TAPLEY, SULLIVAN, DUBORD, SIDDALL, JJ.

SULLIVAN, J.   These tort actions tried together sought damages from the defendant for injuries and losses which

the plaintiffs declared to have resulted to them from the negligence of the defendant in causing an automobile collision. Following jury verdicts in favor of the defendant the plaintiffs presented to this Court identical motions for new trials with the following protestations:

1. Because each verdict was against law and the charge of the Justice.

2. Because each verdict was against evidence.

3. Because each verdict was manifestly against the weight of evidence.

4. "Because counsel for the defendant did knowingly make and utter in trial of said cause illegal, unauthorized, prejudicial, misleading, unwarranted and untrue comment in his said argument, to said court and jury and which was objected to by counsel for plaintiff - - -."

The record contains ample evidence contradictory to the liability of the defendant and to the reality of damages. That evidence afforded questions of fact to intelligent and conscientious persons which they resolved in defendant's verdicts. This Court cannot substitute its judgment for that of the jury. *Lange* v. *Goulet,* 144 Me. 16, 17; *Fotter* v. *Butler,* 145 Me. 266, 269. It is incumbent upon us in this proceeding to view the evidence in the light most favorable to the successful defendant. *Morneault* v. *Hampden,* 145 Me. 212; *Bragdon* v. *Shapiro,* 146 Me. 83, 84. The burden of demonstrating that the verdicts are manifestly wrong is upon the plaintiffs. *Eaton* v. *Marcelle,* 139 Me. 256, 257. No error is discoverable to sustain any of the first three complaints enumerated in plaintiffs' motions.

The fourth recital of error assigned in the motions is one accusing counsel for the defendant of improper, illicit comments in his argument to the jury. The record discloses that counsel for the plaintiffs on the occasion of the al-

leged transgression promptly interrupted his opponent by invoking the Court and that the presiding Justice at once entertained the matter with defendant's attorney who replied and proceeded with his address to the jurors without further, reported interruption. Plaintiffs' counsel then argued in rebuttal. No requests were lodged or exceptions claimed by plaintiffs' counsel at the time of the asserted infraction and no motions were made until after the verdicts.

This Court in a decision made upon a state of facts very analogous to those in the case at bar has very lately had occasion to review the principles decisive here and to dismiss a like motion. *Deschaine* v. *Deschaine,* 140, Atl. 2d 746. In that opinion this Court conforming with its own decided cases, adhered to the same procedure required by precedent and by orderly, efficient and impartial administration for such a special motion. Other references are *Rolfe* v. *Rumford,* 66 Me. 564; *Powers* v. *Mitchell,* 77 Me. 361, 368; *Sherman* v. *Maine Central R. R. Co.,* 86 Me. 422, 424.

We quote the following apt language from *Deschaine* v. *Deschaine*:

"The plaintiff preferred to await the outcome of the case without request for action by the presiding Justice. He gave the Court no reason to correct what he now claims after verdict against him was an error prejudicial to his case. *McGuffie* v. *Hooper,* 122 Me. 118, 119 A. 111. His complaint comes too late."

The mandate must be:

*Motions overruled as to the first 3 causes of error assigned.*
*Motions dismissed as to the 4th cause of error assigned.*