**Gloria ROVAK, a minor, by Marie Rovak, her next friend, Plaintiff-Appellant,**

**v.**

**Sharon SCHWARTZ, a minor, by Morris L. Schwartz, her guardian ad litem, Defendant-Respondent.**

No. 47913.

Supreme Court of Missouri,

Division No. 1.

Nov. 14, 1960.

Marvin G. Marshall, William L. Mason, Jr., St. Louis, for appellant.

Evans & Dixon, William W. Evans, St. Louis, for respondent.

HOUSER, Commissioner.

Plaintiff, a 17-year-old girl, brought suit by next friend for personal injuries sustained in an automobile accident, alleging among other injuries an aggravation of a pre-existing condition in her right shoulder. Defendant pleaded a general denial. Plaintiff appeals from a judgment for defendant following an adverse jury verdict.

The first question is whether the **trial** court committed error during the voir dire examination of the jury. Plaintiff's counsel asked these two questions:

(1) "And you will base your verdict upon the evidence, and *if you feel that, after listening to the evidence, after listening to Gloria's testimony and the other testimony in this case, that Gloria sustained a crippling and permanent aggravation of a pre-existing condition that she had in her shoulder, that you will bring in a verdict for her, will you not?*

"I am going to ask all of you folks this question: The fact that, and the testimony will develop that Gloria had hurt her shoulder several years earlier and she had been in a cast as a result of this injury to her shoulder, and there will be testimony that in this accident her shoulder was reinjured, and we will be claiming that she has had an aggravation of a pre-existing condition. *Now, the fact that she hasn't a brand new injury but has an injury that comes as a result of an old one, will that influence your decision, which will make you unable to bring in a verdict for her as a result of any injury she had as a result of this accident?"*

Defendant objected to the form of the question italicized, and the court sustained the objection on that ground. Plaintiff's counsel made no further effort to inquire on that subject.

Aggravation of a pre-existing condition *vel non* was a live, contested issue. Aggravation of her shoulder condition was the principal injury upon which plaintiff relied. Plaintiff had a right to make whatever inquiry was reasonably necessary to ascertain whether any prospective juror had such a bias or prejudice against an attempt to collect damages for the aggravation of a pre-existing injury that his or her judgment would be influenced and warped thereby. McCarthy v. Cass Avenue & Fair Grounds Ry. Co., 92 Mo. 536, 4 S.W. 516. The instant record does not indicate that plaintiff was denied that right. By the silence of the jury, following the asking of question (1) above, we may assume that plaintiff was informed that the jury would bring in a verdict for Gloria for aggravation of a pre-existing condition, based upon the evidence, if they "felt" from a consideration of all the testimony that she had sustained such an injury. Implicit in that silent commitment (we refrain from passing upon the propriety of question (1) as framed) is the absence of a bias or prejudice so influential as to disable the jury from bringing in a verdict for her in such a case. The court sustained an objection to the form of question (2), which did not pose the precise question intended to be asked, and which was improper in form because it was ambiguous and confusing. The court's ruling with respect to the form of question (2) was proper. Although the action of the court did not foreclose further

interrogation, plaintiff's counsel abandoned the inquiry. There was no error in refusal, because there was no refusal. There was no error in the ruling, because the form of the question was improper. There was no abuse of discretion, because the court did not undertake to exercise any discretion. There was no prejudice because plaintiff received a sufficient assurance of no bias by the silence of the jury when asked question (1). In any event, plaintiff is in no position to complain, because counsel abandoned the inquiry under circumstances when further inquiry was not foreclosed.

The only other question on this appeal is whether the trial court abused its discretion in not declaring a mistrial under the following circumstances: On the second day of trial and before the court convened, with counsel present in the court room and all of the jurors in the box, a male juror addressed the following to Beatrice Laut, the official court reporter, a female: "I would like to be on the jury in a case where you were," or as recalled by counsel and stated to the court within two minutes after the incident, the juror stated that he "would like to be a juror in a case wherein Mrs. Laut would be a party to the suit." To this statement Mrs. Laut replied, in a tone of voice heard by all of the jurors, "I wouldn't sue anybody."

Concededly, these remarks were made "in the course of about four or five minutes of very small, insignificant conversation" of no importance, "small talk," without any reference to this particular case, openly and in the presence of all of the jury and attorneys in a "light-hearted sort of banter." At the time plaintiff's trial counsel moved to declare a mistrial he stated to the court that when the statement was made "there was a momentary hush and I am not certain that it would have an effect or wouldn't have an effect * * * and she made it with a smile on her face and jokingly * * *."

Appellant concedes that the court reporter was not guilty of "doing anything malicious" or of conscious design to affect the outcome of the case or harm plaintiff's cause, and that the statement "resulted solely from her sociable, exuberant and outgoing nature, which she cannot always repress," but nevertheless contends that the statement did plaintiff's case "grievous harm"; that plaintiff was entitled to a trial conducted without any taint of improper influence and that this statement, made by an officer of the court, injected extrinsic matter which tended to create bias and prejudice against plaintiff, "who had sued somebody"; that said statement was "calculated to create prejudice and may have done so because made by an official of the Court, in the courtroom," and tainted the trial.

Whether a new trial shall be declared as the result of alleged misconduct on the part of a court official or juror rests largely in the discretion of the trial court. The court conducted a thorough inquiry into the matter by questioning counsel at the time counsel moved for a mistrial, and by hearing the testimony of the court reporter on the motion for new trial. The court was of the opinion that the statement was "in the nature of banter," and by overruling the motion indicated that plaintiff's case was not prejudiced by the incident. While the statement of the court reporter was unfortunate, we do not regard it as of such serious import as to take it outside the area of judicial discretion, as a matter of law. There is ample support in this record for the conclusion of the trial court that this was in the nature of banter, or "a little badinage," State v. Parker, 321 Mo. 553, 12 S.W.2d 428, 432. We find no abuse of discretion in the action of the trial court, which carefully considered the effect of this regrettable incident, because we find nothing to indicate that this exchange was anything more serious than banter, or that it was motivated by improper design, Sunset Acres Motel, Inc. v. Jacobs, Mo.Sup., 336 S.W.2d 473, loc. cit. 479, or that it had an evil effect on the proceedings, or that it had the appearance of evil, Fitzpatrick v. St. Louis-San Fran-

cisco Ry. Co., Mo.Sup., 327 S.W.2d 801, or that the court reporter's remark related to, or was considered by any juror to be directed at, the case on trial, or that defendant or her counsel were responsible for the occurrence. "If the contact has been wholly innocent, a mistrial should not ordinarily be granted unless it can reasonably be found that there was some improper influence upon the jury." Sunset Acres Motel, Inc., supra, 336 S.W.2d, loc. cit. 479. The trial court did not abuse its discretion in deciding, in effect, that the statement of the court reporter was innocent and that no resulting improper influence was brought to bear upon the jury. In this connection see Riley v. St. Louis Public Service Co., Mo. App., 245 S.W.2d 666, loc. cit. 674. Even plaintiff's own counsel, reporting the matter to the trial court within minutes after it happened, seems to have been unsure that prejudice resulted. He told the court that the remark "might be detrimental to my client, * * * and I am not certain that it would have an effect or wouldn't have an effect. But, with an overabundance of caution, I am going to request a mistrial in this case." The trial court had ample ground to conclude that the whole objection was based upon mere "conjecture and suspicion, unwarranted by the facts disclosed." Jacobs v. Danciger, 344 Mo. 1042, 130 S.W.2d 588, loc. cit. 595.

The judgment is affirmed.

COIL and HOLMAN, CC., concur.

PER CURIAM.

The foregoing opinion by HOUSER, C., is adopted as the opinion of the court.

All concur except HYDE, J., who concurs in result.

HYDE, Judge (concurring).

I concur in the ruling that the court properly refused to declare a mistrial because of the statement of the court report-

er. However, as to the court's action on the two voir dire questions, I concur in the result because I do not think either question was proper. It is my view that these questions were argumentative, implying an obligation to return a verdict for plaintiff, regardless of any issue of negligence, and amounted to an attempt to go into the merits on the voir dire examination. See Goldstein v. Fendelman, Mo.Sup., 336 S.W. 2d 661, 665 [4].