Estelle PHILLIPS, Appellant,

v.

William SHAW, Respondent.

No. 50264.

Supreme Court of Missouri,

Division No. 2.

Sept. 14, 1964.

Bernard Susman, St. Louis, for appellant.

Burton H. Shostak, Robert E. Keaney, Moser, Marsalek, Carpenter, Cleary & Jaeckel, St. Louis, for respondent.

PRITCHARD, Commissioner.

Plaintiff sued defendant for $25,000.00 damages for personal injuries to her legs which she claimed were caused by an object propelled by a rotary power lawn mower alleged to be owned and under the control of defendant. The case was submitted to the jury upon the doctrine of res ipsa loquitur. The trial resulted in a judgment upon a verdict for defendant. Plaintiff appealed from the judgment after her motions for new trial were overruled by the trial court.

For the purposes of passing upon the points raised by plaintiff on this appeal we shall assume that she made a submissible case. Defendant offered no evidence in the trial but stood upon his motions for directed verdict made at the close of plaintiff's case and again at the close of the whole case.

Plaintiff's first point is that the refusal of the trial court to grant her a new

770

trial on the ground that the verdict of the jury was so much against the evidence and the weight thereof amounts to an abuse of discretion. Such point is without merit and is overruled. See the leading case of Cluck v. Abe, 328 Mo. 81, 40 S.W.2d 558, where the verdict of the jury was in defendant's favor, as here. The court said, loc. cit. 560[5], "The law is too well settled to need citation of authority that it was within the exclusive province of the trial court to determine whether or not this verdict was against the weight of the evidence. One of the grounds set up in plaintiff's motion for new trial was that the verdict was against the weight of the evidence. The trial court determined that question when it overruled the motion and refused to grant plaintiff a new trial. We are powerless to interfere with that ruling because we have no authority to pass upon the weight of the evidence." See also White v. Rohrer, Mo., 267 S.W.2d 31, 34[1, 2]; Scott v. Gray, Mo., 337 S.W.2d 38, 41[2, 3], and Bowe v. Kehr, Mo., 345 S.W.2d 224, 225[1].

By Point 2 plaintiff complains for several reasons of the giving of Instruction No. 4 on behalf of defendant. That instruction reads:

"The Court instructs the jury that in deliberating upon the case, it is your duty to decide first whether or not, under all the facts and circumstances in evidence, under the instructions of the Court, plaintiff is entitled to recover against defendant. Until this question has been determined by you, you have no right to consider the amount, if any, of plaintiff's damages.

"Neither passion, prejudice nor sympathy should influence you in any manner in deciding this case, for it is your sworn duty to try this case and to decide it impartially, according to the evidence and the instructions of the Court.

"Neither are you permitted to base a verdict entirely and exclusively on mere guesswork, and if upon the whole evidence in the case, fairly considered, you are not able to make a finding that defendant, William Shaw, was negligent without resorting to guesswork outside of and beyond the scope of the evidence, and the reasonable inferences deducible therefrom, then it is your duty to and you must return a verdict for defendant."

■■ Plaintiff says that in the first paragraph of Instruction No. 4, the sentence "Until this question has been determined by you, you have no right to consider the amount, if any, of plaintiff's damages" in effect removes from the jury's consideration in this res ipsa loquitur case the nature and extent of injury. The jury would of course be entitled to consider plaintiff's injury in the determination of the issue of negligence. We do not, however, construe the clause as limiting or removing that factor. See West v. St. Louis Public Service Co., 361 Mo. 740, 236 S.W.2d 308, 310[1], where a similar contention was made, and the court said that a like instruction as here must be read together with the damage instruction (as here), and "When they are, we do not believe that a jury of ordinarily intelligent laymen, who should be credited with common sense and reasonable discernment, would understand 'amount of damages' to mean 'nature, character or extent of injuries.'" The instruction does not remove from the consideration of the jury the facts and circumstances submitted in plaintiff's verdict directing Instruction No. 1. It does not limit the permissible inferences to be drawn therefrom concerning causation and negligence or require a showing of the specific manner of the operation of the lawn mower under plaintiff's charge of general negligence.

■ Plaintiff also contends that the words in the last paragraph of Instruction No. 4, "Neither are you permitted to base a verdict entirely and exclusively on mere guesswork" and "without resorting to guess-

work," are erroneous in that they are misleading, confusing and are not a proper statement of the law. She says that the words "entirely and exclusively" imply that the jury may use guesswork, but the words "without resorting to guesswork" imply that the jury may *not* use guesswork in arriving at a verdict. Although the use of these words in a circumstantial evidence case such as this has been held to be not recommended, Young v. Missouri Public Service Co., Mo., 374 S.W.2d 59, 65[6], it has also been held that such use would not amount to reversible error. See Grote v. Reed, Mo., 345 S.W.2d 96, 102[10]; and the West case, supra. Note also that words sometimes used in this type of instruction, "speculation" and "surmise," are omitted. The giving or refusal of a cautionary instruction such as this is within the discretion of the trial court. The jury was not misled. Point 2 is overruled.

The final contentions of plaintiff contained in her Points 3 and 4 relate to the exclusion by the trial court of proffered testimony by her expert witnesses, John Bland, an engineer, and her physician, Dr. Jerome J. Gilden.

The excluded testimony, for which offers of proof were made, of Mr. Bland related (a) to his opinion that something thrown out by defendant's lawn mower could have caused plaintiff's injury; (b) to his opinion that if a part of the lawn mower had broken off it would have been propelled a distance of 30 feet; and (c) that at the time of his inspection of the lawn mower (in January 1963) he found numerous nicks on the lawn mower blade. The first two offers of proof were rejected on the ground that they invaded the province of the jury, and the third offer upon the ground that the witness did not know the condition of the lawn mower blade at the time of the injury, August 1, 1960, and the testimony of its condition in January, 1963, was too remote. Clearly, the testimony of the condition of the blade more than two years after the accident was too remote: the condition of the lawn mower at the time of the inspection thereof would have no relation to its condition at the time of the accident absent a showing that it was in the same condition at both times. The first two questions were for the jury, and Mr. Bland's testimony would not aid it in its determination of the ultimate issue of negligence. Wood v. Ezell, Mo.App., 342 S.W.2d 503, 507, and cases cited. Besides, as above indicated, Mr. Bland did testify without objection that the lawn mower could have thrown an object the size of that found in plaintiff's leg. From the facts in evidence the jury would have been just as able as the witness to draw the conclusion as to the cause of plaintiff's injury. The same application may be made as to testimony sought to be elicited from plaintiff's physician, Dr. Gilden, as to whether the operation of the lawn mower caused the injury which he found in plaintiff's leg. The trial court having a sound discretion did not abuse the same in refusing the proffered testimony of these experts. Schroeck v. Terminal Railroad Ass'n of St. Louis, Mo., 305 S.W.2d 18, 24[5], 62 A.L.R.2d 1416; Eickmann v. St. Louis Public Service Company, 363 Mo. 651, 253 S.W.2d 122, 130[11]. Points 3 and 4 are overruled.

The judgment is affirmed.

BARRETT and STOCKARD, CC., concur.

PER CURIAM.

The foregoing opinion by PRITCHARD, C., is adopted as the opinion of the Court.

All of the Judges concur.