John W. BAUMLE, Appellant,

v.

William M. SMITH, Ezra E. Garrett, and Terrance W. Young, Respondents.

No. 52280.

Supreme Court of Missouri, Division No. 1.

Nov. 13, 1967.

Douglas W. O'Neill, Gordon W. Neilson, St. Louis, for appellant.

John D. Gallagher, Gallagher & Hackmeyer, Clayton, for respondent, Ezra E. Garrett.

F. X. Cleary, Donald L. James, Moser, Marsalek, Carpenter, Cleary & Jaeckel, St. Louis, for respondent Terrance W. Young.

Bernard C. Brinker, Carter, Fitzsimmons & Brinker, Clayton, for respondent, William M. Smith.

HOUSER, Commissioner.

John W. Baumle, a passenger-guest riding in a Corvair automobile, brought a $50,000 action for damages for personal injuries against his host-driver, Ezra E. Garrett, joining also as parties defendant Terrance W. Young and William M. Smith. Plaintiff alleged that a Falcon automobile driven by Young collided with the Corvair and that subsequently the Corvair was struck by a dump truck driven by Smith. Plaintiff charged each defendant separately with various assignments of negligence. At the close of plaintiff's case the court sustained a motion for a directed verdict filed by defendant Garrett and at the close of all the evidence caused one of the jurors to sign a verdict finding in favor of defendant Garrett. The cause was submitted to the jury as to the other two defendants and the jury returned a verdict in their favor. From the judgment entered upon the verdicts, by which plaintiff took nothing and all defendants were discharged, plaintiff has appealed.

The first question is whether plaintiff filed his motion for new trial too late. Re-

344

spondent Garrett contends that as to him the motion was filed on the sixteenth day after entry of judgment, and therefore appellant has preserved nothing for review as to this defendant under Civil Rule 78.02, V.A.M.R. which provides that: "A motion for a new trial shall be filed not later than 15 days after the entry of the judgment. The judgment shall be entered as of the day of the verdict. * * *"

The trial began on March 21 and continued through March 22 and 23. Plaintiff rested at the conclusion of the proceedings on March 23. On that date the court stated that he "granted" defendant Garrett's motion for a directed verdict, wrote "Granted" on the motion and signed his name as judge. The trial continued through March 24 and March 25. The taking of evidence was concluded on March 25. On that date, after the instructions had been prepared and before reading them to the jury, the court announced that defendant Garrett was no longer in the case, and caused one of the jurors to sign a verdict finding in favor of Garrett. On that date, March 25, the jury returned its verdict as to the other two defendants, and on that same day the court rendered judgment for all defendants. Plaintiff filed his motion for new trial on April 8, 1966.

■ The motion for new trial was filed fourteen days after the judgment was entered and sixteen days after the court made the ruling granting defendant Garrett's motion for a directed verdict. The court held this ruling in abeyance pending receipt of the verdict of the jury with respect to the other two defendants. The court did not render any final judgment, or any judgment at all, as to defendant Garrett on March 23. There was only one final judgment from which an appeal could be taken, or to which a motion for new trial could be directed. That was the judgment rendered March 25. The motion for new trial, filed fourteen days after March 25, was filed in time.

■■ Appellant first complains of error in directing a verdict for defendant Garrett, the host-driver, making the point that there was sufficient evidence to make a submissible case of negligence against Garrett. In determining whether plaintiff made a case for the jury as against defendant Garrett we must consider all of the evidence in the light most favorable to plaintiff, taking his evidence as true where not entirely unreasonable or opposed to physical laws, and giving him the benefit of all favorable inferences arising from all the evidence and rejecting unfavorable inferences. A case should not be withdrawn from the jury unless the facts in evidence and the reasonable inferences to be drawn therefrom are so strongly against plaintiff as to leave no room for reasonable minds to differ. DeLay v. Ward, 364 Mo. 431, 262 S.W.2d 628; Hastings v. Coppage, Mo. Sup., 411 S.W.2d 232, 235 [1, 2].

It was a clear day. Lindbergh Boulevard in St. Louis County was a 4-lane concrete arterial highway consisting of two northbound and two southbound lanes. Each of the four lanes was approximately 10 feet wide. There was no median strip or divider separating the northbound lanes and the southbound lanes. Only painted stripes separated the two sets of lanes. Traffic was heavy. Plaintiff was riding in the right front seat of Garrett's southbound Corvair automobile. There were three passengers in the Corvair. The Corvair was traveling at a speed of 40–45 m. p. h. in the "inside" southbound lane,—the lane nearest the center line. Defendant Young, driving a Falcon automobile, entered Lindbergh from a side road from the west, turned right into Lindbergh and proceeded south, traveling behind the Corvair, in the outside southbound (or "curb") lane, at a speed of from 40–50 m. p. h. Defendant Smith, driving a 15,500 pound empty truck north on Lindbergh at a speed of 35–40 m. p. h., was occupying the "inside" northbound lane, —the lane nearest the center line. At some point of time the Falcon moved from the curb lane to the inside lane and at some

point of time the Corvair moved from the inside southbound lane over and across the center line into the inside northbound lane, at approximately a 45° angle. There in the northbound inside lane the left front of the Corvair was struck by the northbound truck driven by defendant Smith.

■ There was substantial evidence from which these facts could be found: When the Falcon turned left from the curb lane to go into the inside southbound lane in front of the Corvair the electric left turn signals on the Falcon were flashing. Defendant Garrett put on his brakes when the Falcon made its movement to the left, and the Corvair's speed was thereby reduced, but immediately thereafter the right front bumper of the Corvair collided with the left rear bumper of the Falcon with a slight impact. Thereafter, with its brakes on and with each of its rear wheels making tire marks, the Corvair traveled a distance of 80 feet in the course of which it crossed the center line and went into the inside lane of the northbound lanes. There it came to a stop with the motor stalled, sitting at a 45° angle headed southeast, with its left rear wheel on the center line and its left front wheel extending out more than five feet into the northbound lane. Forty-five feet of skid marks were left on the pavement by the Corvair. When the Corvair came to a stop defendant Garrett saw the oncoming truck, which was then 500 feet south of the Corvair. The northbound truck continued to come toward the Corvair, in the same lane, at unabated speed. Defendant Garrett tried to start the motor of the Corvair but failed. Although his horn was working defendant Garrett did not honk his horn to attract the attention of defendant Smith, the driver of the northbound truck. From the time the Corvair came to a stop until the moment of impact between the truck and the Corvair five or six seconds elapsed. The truck could have been stopped, under the existing circumstances, including reaction time, in a distance of 200 to 248 feet.

The foregoing evidence would have authorized the submission to the jury of the issues of negligence on the part of the defendant Garrett under allegations of the petition charging negligence on his part in the matters of lookout, speed, avoiding both collisions, control, driving on the wrong side of the center line, and failure to warn.

In reaching this conclusion we necessarily ignore testimony from other witnesses tending to show that the impact with the Falcon was caused by the sudden swerving of the Falcon into the path of the Corvair; that Garrett put on his brakes but could not prevent the impact with the Falcon; that the impact "knocked" the Corvair over the center line and into the northbound lane when the northbound truck was only 15 feet from the Corvair, and that the collision with the truck occurred almost instantly after the crossover and while the Corvair was still in motion.

Appellant's second point is that the court abused its discretion in not granting plaintiff a new trial on the ground that the verdict was against the greater weight of the evidence.

■ The weight of the evidence is not open to question in this court. White v. Rohrer, Mo.Sup., 267 S.W.2d 31, 34 [2]. The determination whether a verdict is against the weight of the evidence is a matter within the exclusive province of the trial court. Cluck v. Abe, 328 Mo. 81, 40 S.W.2d 558, 560 [5]. The question having been raised in his motion for new trial and ruled adversely to plaintiff, that is the end of the matter. This court on appeal is not authorized to pass upon the weight of the evidence, Bloch v. Kinder, 338 Mo. 1099, 93 S.W.2d 932, 933; Scott v. Gray, Mo.Sup., 337 S.W.2d 38, 41 [3], and will not interfere with the action of the trial court approving a verdict assailed on this ground, Phillips v. Shaw, Mo.Sup., 381 S.W.2d 768, 770 [1], unless it clearly appears that the trial court has abused or arbitrarily exercised its discretion. "We cannot find abuse of discretion or arbitrary action in a case where

the question of negligence was a jury question, even though we should feel that as triers of the facts we might have decided it differently, when there is nothing to show passion, prejudice or misconduct." Conser v. Atchinson, T. & S. F. Ry. Co., Mo.Sup., 266 S.W.2d 587, 591. The issue of the negligence vel non of the defendants Young and Smith was a jury question under the evidence. There was substantial evidence on behalf of the defendant Young that his Falcon did not collide with and that there was no impact whatever with any other vehicle. There was substantial evidence on behalf of the defendant Smith that the Corvair came into his path suddenly and at such close range that it would have been impossible for Smith to have avoided a collision between the truck and the Corvair. No evidence of passion, prejudice or misconduct appearing, there is no basis for a finding of abuse of discretion or arbitrariness on the part of the trial court.

■ Appellant's third point is that the court erred in allowing counsel for defendant Smith during closing argument to make an incorrect statement about the testimony of plaintiff's witness David Miller and in overruling plaintiff's objection to the incorrect statement. Counsel commented on the discrepancy between Miller's testimony at the trial and in his deposition as to the distance that separated the Corvair and the truck when he first saw the truck. At the trial he testified that *five seconds after the Corvair came to a stop* in the northbound lane he looked up and saw the oncoming truck, which was then 100–120 feet away. On cross-examination he admitted that in his deposition he had testified that he saw the truck *just as the Corvair stopped*, and that the truck was then 100–120 feet away. The objection was that there was no variance in the testimony, and the contention here is that it was highly prejudicial to attempt to destroy the testimony of the witness by arguing such alleged inconsistency. We find no error in the action of the court. There was a substantial and material variance between the witness' testimony in the

deposition and at the trial. The difference between a 5 second time lapse and no time lapse between the time the Corvair stopped and the truck was first seen 100–120 feet away is the difference between the ability and the inability of Smith, under the evidence, to stop the truck. Counsel for defendant Smith had the right to comment on this difference in the testimony of plaintiff's witness Miller in his deposition and at the trial. Pettis v. St. Louis Pub. Serv. Co., Mo.Sup., 240 S.W.2d 909 [5].

■ In his fourth point appellant excepts to another portion of the argument of counsel for defendant Smith. After pointing out the discrepancies between the testimony of the witnesses in their depositions and at trial, counsel argued that after these depositions were taken the engineering expert "came in the picture and he went out to the scene of the accident and said 'Fellows, I'm sorry, but your estimates of distances aren't good enough. The truck couldn't have stopped in a hundred feet or two hundred and twenty feet. It would take two hundred and forty feet to stop the truck. So, if you're going to have to make a case against the truck driver you're going to have to develop that's how far the truck was away.'" Counsel argued that it was "a lousy case, until you start building it up and manipulating the facts to fit what the expert here says." Appellant complains that the court erred in allowing counsel to make this argument because "there was no evidence to support this allegation of conspiracy in the record," and the only effect it could have would be to prejudice the jury against plaintiff's witnesses and against plaintiff. The difficulty with appellant's contention is that he made no objection at the trial when this argument was made, and did not request that the jury be instructed to disregard the argument or that counsel be reprimanded. "It has long been the general rule that when no objection is made to improper argument it is not a matter subject to review on appeal. The theory is that the erroneous feature thereof is waived. [citing cases] Also, the failure to request

the trial court to instruct the jury to disregard improper argument * * * constitutes a waiver of the right to complain on appeal that the jury was not so instructed, [citing cases], and the same is true when there is no request that the trial court reprimand counsel for improper argument. * * *" Olsten v. Susman, Mo.Sup., 391 S.W.2d 328, 330, 15 A.L.R.3d 1095. Appellant seeks to avoid this rule on the basis that the argument objected to was simply an extension and emphasis of the preceding argument, to which objection was made, and that under the rule announced in Jones v. Kansas City, Mo.Sup., 76 S.W.2d 340, 341, the objection should be regarded as applying to the entire line of argument. The prior objection, directed at the discrepancy above noted in the testimony of the witness Miller, was that "Mr. Miller's testimony did not vary at all from the deposition to the testimony now." That objection did not relate to the point now sought to be made, e. g. lack of evidence to support an argument of conspiracy to reconstruct the facts in order to make a submissible case.

Finally, appellant assigns error in not granting a new trial on the basis that one William D. Ousley, a member of the jury panel who was later elected foreman of the jury, did not truthfully answer the question on voir dire examination whether his past experience as a truck driver would prejudice him in favor of one of the defendants who was a truck driver. On voir dire Mr. Ousley revealed the fact that he had driven a truck eighteen years previously, and under questioning stated that this fact would not affect his ability to decide the case; that he could listen to all the evidence and make up his mind after all the evidence was in. He did not reply when the panel was asked if any of them knew any reasons why they could not give both sides a fair trial. At no time during the voir dire examination did court or counsel indicate to Mr. Ousley or to the panel that the evidence would develop a situation in which the jury would be required to determine whether a truck driver had sufficient time or distance within which to stop short of a collision with an automobile which appeared in his traffic lane. Nor did Mr. Ousley at any time during the examination indicate his attitude, understanding or feelings with reference to a truck driver facing such a predicament, or make any representation (or misrepresentation) or reference thereto. Following return of the verdict plaintiff and his attorney filed a joint affidavit stating that on the day the verdict was returned the foreman of the jury, one William D. Ousley, stated to them and in their presence, "I used to work as a truck driver, —I wouldn't have brought back a verdict against the truck driver if he had a thousand feet to stop in." The motion for new trial was argued but the record does not show that any oral evidence was heard. Ousley was not called as a witness and his affidavit was not filed. No counter affidavits were filed. The court denied the motion without comment.

The granting or denying of a new trial on the ground of misconduct on the part of a juror rests largely in the discretion of the trial court, and the action of the trial court in this respect will not be interfered with on appeal in the absence of a showing of abuse of discretion. Rovak v. Schwartz, Mo.Sup., 339 S.W.2d 756; 66 C.J.S. New Trial § 201b(2), p. 492.

The record does not disclose the basis for the ruling of the trial court on the motion for new trial. The affidavit having been filed and a hearing having been conducted on the motion we assume that the court considered the affidavit. The judge may have disbelieved the affiants.[1] Or, assuming that the court believed that the foreman of the jury made these statements, the next question is the fact question as to what the

1. "For aught we know, the court did not credit the statement. To accept the affidavit as absolute and conclusive proof would put it in the power of one person to destroy a verdict." Clack v. Kansas City Electrical Wire Subway Co., 138 Mo.App. 205, 119 S.W. 1014, 1015.

juror meant by them. They are equivocal and subject to several interpretations. One possible interpretation is that proposed by appellant, namely, that the juror would not have joined in any verdict against any truck driver under any conceivable circumstances, regardless of what the facts may have been. The conclusion would be inescapable that a juror whose mind was so constituted would be prejudiced and disqualified. Another reasonable construction of the statements, however, is that they demonstrate a complete misapprehension or misunderstanding of the law of the case. Reasonable minds could differ on the interpretation to be placed on the statements attributed to the juror, and in such case there is room for the exercise of the court's discretion in determining this fact question.

■ The affidavit will be considered in the light most favorable to the prevailing party, who is entitled to all reasonable inferences which may be fairly drawn therefrom in his favor. 66 C.J.S. New Trial § 198a. So considered, we are of the opinion that the statements made by the juror inhere in the verdict, and therefore fall within a forbidden field of inquiry. No one is competent to impeach a verdict by the making of an affidavit as to matters inherent in the verdict, such as that the juror did not understand the law as contained in the court's instructions, or that he did not join in the verdict, or that he voted a certain way due to a misconception of the evidence, or misunderstood the statements of a witness, or was mistaken in his calculations, or other matters "resting alone in the juror's breast." Wright v. Illinois & Miss. Tel. Co., 20 Iowa 195, 210; 66 C.J.S. New Trial § 168. A juror who has reached his conclusions on the basis of evidence presented for his consideration may not have his mental processes and innermost thoughts put on a slide for examination under the judicial microscope. "Proof of such a fact is excluded for at least two reasons: first, because there would be no end to litigation if verdicts could be set aside because one juror did not correctly understand the law or accurately weigh the evidence; second, the proof of his mental process is locked in the breast of the juror, and is not capable of refutation or corroboration." Southern Pac. Co. v. Klinge, C.C.A., 10 Cir., 65 F.2d 85, 88.

On this record we cannot hold the trial court guilty of an abuse of discretion in denying the motion for new trial based on misconduct of the juror Ousley.

Accordingly the judgment in favor of the defendants Smith and Young is affirmed, and the judgment is reversed as to the defendant Garrett and the cause is remanded for a new trial of the issues as between plaintiff and defendant Garrett.

WELBORN and HIGGINS, CC., concur.

PER CURIAM:

The foregoing opinion by HOUSER, C., is adopted as the opinion of the court.

SEILER and STORCKMAN, JJ., and MORGAN, Special Judge, concur.

HENLEY, P. J., not sitting.