Helen PAPPAS, Executrix of the Estate of Bessie Pappas, Appellant,

v.

BI–STATE DEVELOPMENT AGENCY, Defendant.

No. 38260.

Missouri Court of Appeals, St. Louis District, Division One.

April 25, 1978.

Donald M. Witte, Clayton, for appellant.

John A. Walsh, Jr., St. Louis, for respondent.

CLEMENS, Presiding Judge.

Wrongful death action. Original plaintiff, Bessie Pappas, sued for damages for injuries sustained as a result of a fall on defendant's bus on November 23, 1973. After Bessie's death on December 10, 1974, her executrix was substituted as plaintiff and the action became one for wrongful death. Plaintiff submitted on the theory of res ipsa loquitur. Judgment was entered for defendant following an adverse jury verdict. Plaintiff moved for a new trial, alleging the verdict was against the weight of the evidence and that defendant's closing argument was prejudicial and denied plaintiff a fair trial. The motion was denied and plaintiff has appealed.

█ Plaintiff's first contention that the judgment was against the weight of the evidence is a point peculiarly within the trial court's discretion. A trial court may weigh the evidence but we lack authority to do so. *Baumle v. Smith,* 420 S.W.2d 341[5–7] (Mo.1967). We deny plaintiff's initial contention.

Plaintiff next contends the trial court committed plain error in overruling plaintiff's objection when defense counsel argued: "Are you prepared to go upstairs and find a verdict for the plaintiff knowing that when you come back downstairs with that verdict that what you're going to be saying to Mr. Robb [driver of defendant's bus] is that Robb is a killer, because that's what you're saying, Mr. Robb's action killed Bessie Pappas."

█ The trial court has discretion in controlling the range of closing argument. *Handshy v. Nolte Petroleum Co.,* 421 S.W.2d 198[4–6] (Mo.1967). Since the trial court has an opportunity to determine the prejudicial effect of jury argument, appellate courts defer to its rulings unless there is found an abuse of discretion. *Handshy, supra.* And, when complaints about the argument are presented to the trial court in a motion for new trial and the trial court does not consider the "transgression" sufficient to require a new trial, deference is given to the trial court's ruling.

█ Plaintiff urges us to consider her point under the plain error doctrine, Rule 84.13(c), because she made only a general objection to defendant's argument at trial.[1] Only when we find that manifest injustice or miscarriage of justice has occurred do we consider the alleged error. If an argument contains reckless assertions unwarranted by the proof and intended to arouse hatred or prejudice against a litigant or witness, it may be condemned as tending to cause a miscarriage of justice. *Calloway v. Fogel,* 358 Mo. 47, 213 S.W.2d 405[4] (1948).[2] While we do not approve the use of the word "kill" in defendant's argument be-

---

**1.** See excellent discussion in *Kelley v. Hudson,* 407 S.W.2d 553[8–14] (Mo.App.1966) regarding the sufficiency of an objection to an argument to preserve for review.

**2.** In the *Calloway* case, the plain error rule was applied to reverse on the basis of improper argument.

cause it may be misleading, we do not find the use of the word here so inflammatory, reckless or prejudicial as to constitute manifest injustice.

Our case is distinguishable from *Dodd v. Missouri-Kansas R. Co.*, 353 Mo. 799, 184 S.W.2d 454 (Mo.1945). There, decedent was employed by defendant as a signal maintainer. Defendant's train struck and killed him. Appealing from a judgment in favor of decedent's estate, defendant contended the trial court erred in failing to grant a new trial when the plaintiff argued to the jury: ". . . Put yoursel[f] in his [decedent's] place, run into from the rear, stabbed in the back and *killed in cold blood* by an engineer who could have stopped." (Emphasis added.) *Dodd, supra*, at 457.

The *Dodd* court held that although decedent had been "killed," there was no evidence he was "killed in cold blood." In addition, the phrase "stabbed in the back," when taken with "killed in cold blood," was extravagant language tending to arouse hostility and prejudice. In the present case, according to plaintiff, Bessie Pappas was "killed" and the jury could have found the defendant's bus driver caused her death. The mere use of the word "kill," absent an inflammatory phrase such as that used in *Dodd*, does not necessarily carry connotations of criminal activity as plaintiff suggests. We find no abuse of discretion by the trial court in refusing to grant plaintiff's motion for new trial on this ground.

Judgment affirmed.

SMITH, J., concurs.

McMILLIAN, J., dissents in separate opinion.

McMILLIAN, Judge, dissenting.

I respectfully dissent. Here the sole issue is the defendant's driver's negligence. For the defendant's counsel to argue that if the jury returned a verdict for plaintiff, they are branding the driver a killer is a false, inflammatory, and misleading issue. Such an argument that plays upon a jury's reluctance to brand a person a felon not only oversteps the boundaries of legitimate argument but also places an undue burden upon plaintiff's cause of action. The assertion made was reckless, unwarranted, and prejudicial; consequently, the analogy permitted to be made by defendant's counsel caused a miscarriage of justice.

I would reverse and remand for a new trial.