Harold HERWECK and Laverne Herweck, Plaintiffs-Respondents,

v.

BI–STATE DEVELOPMENT AGENCY, Defendant-Appellant.

No. 46025.

Missouri Court of Appeals, Eastern District, Division Two.

Oct. 18, 1983.

**620**

Alif A. Williams, St. Louis, for defendant-appellant.

James Virtell, St. Louis, for plaintiffs-respondents.

PUDLOWSKI, Judge.

Harold V. and LaVerne V. Herweck brought this action to recover for personal injuries sustained in an automobile accident involving a bus owned and operated by appellant. The jury returned a verdict for Harold V. Herweck in the amount of $2,000 and for LaVerne Herweck in the amount of $25,000. The judgment in favor of Harold V. Herweck has been satisfied, and this appeal is taken only from the judgment in favor of LaVerne V. Herweck. We affirm.

■ Appellant's first point contends the trial court erred in denying its motion for a new trial on the ground respondent's counsel made a pure per diem argument for damages during the closing argument. Appellant has waived the right to complain of this alleged error by failing to object to respondent's argument at trial. Appellant argues, however, the court should review the claim of error concerning respondent's argument as plain error under Rule 84.13(c). The plain error doctrine is applied to arguments of counsel only in very limited circumstances. The court will consider an alleged error only when it finds manifest injustice has occurred. *Pappas v. Bi-State Development Agency,* 565 S.W.2d 475, 476 (Mo.App.1978). We do not find respondent's argument at trial to be so inflammatory, reckless or prejudicial as to constitute manifest injustice.

■ Appellant's second point claims error in the trial court's denial of a motion for a new trial on the ground there was insufficient evidence to show a causal connection between appellant's actions and respondent's injuries and resultant damages. The testimony of Mrs. Herweck, and her physician, Dr. Todd Forsyth, that she had no symptoms of active arthritis until after the collision was sufficient evidence to make a submissible case for the jury on the question of causation and damages.

The judgment of the trial court is supported by substantial evidence and is not against the weight of the evidence. No error of law appears. An extended opinion would have no precedential value.

Judgment affirmed in accordance with Rule 84.16(b).

CRIST, P.J., and SIMON, J., concur.