John A. GANTZ, Respondent,

v.

Steve Kenneth LEIBOVICH, Appellant.

No. 39480.

Missouri Court of Appeals,
St. Louis District,
Division One.

July 18, 1978.

John T. Sluggett, III, Clayton, for respondent.

Kortenhof & Ely, Ben Ely, Jr., St. Louis, for appellant.

CLEMENS, Presiding Judge.

Action for damages in a collision case in which the jury returned a unanimous verdict for defendant. Plaintiff was a passenger in his father's eastbound car which made a sudden left turn into the path of defendant's westbound car. Defendant's stopping distance was a critical factual issue.

After entering judgment for defendant pursuant to the verdict the trial court granted plaintiff a new trial on the sole ground of jury misconduct in reading a booklet on stopping distances. Defendant appeals, contending the court erred because there was no *admissible evidence* to support a finding the jury had considered evidentiary matters outside the record. We agree.

Plaintiff's contention of jury misconduct is based initially on the affidavit of juror Cheryl Klemme. She stated a Missouri Drivers' Guide was circulated among the jurors and she was influenced by the speed and stopping distance schedule shown therein. The schedule closely paralleled the trial testimony of plaintiff's accident reconstruction witness.

At the trial court's hearing on the motion for new trial, over defendant's objections, a copy of the drivers' guide was introduced in evidence and each juror testified as to juror Klemme's conduct, but only she stated the schedule had influenced her.

The rule is well settled that a juror may not, over objection, be heard to impeach the jury's verdict. Such evidence is inadmissible. *Mayberry v. Clarkson Construction Company*, 482 S.W.2d 721 [2–4] (Mo.1972). See also *Davis v. Kansas City Public Service Co.*, 233 S.W.2d 669 [6, 7] (Mo.banc 1950), where the supreme court was faced with essentially the same issue presented here. There, the trial judge had considered testimony from the foreman that during deliberations, he had obtained a book giving stopping distances and including reaction time at various speeds. He had made notes from the book and read his notes to the other jurors. The court held this testimony was inadmissible, whether the impeaching juror concurred with or dissented from the verdict, and whether his acts were committed inside or outside the courtroom. The court squarely held it was error to admit such testimony. The latest supreme court decision on the issue adheres to this "firmly established rule of public policy." *State ex rel. State Highway Commission v. Ballwin Plaza Corp.*, 474 S.W.2d 842 [5] (Mo.1971). Accordingly, we hold the evidence here was inadmissible because defendant timely objected to the affidavit and jury testimony.

Plaintiff cites only *Middleton v. Kansas City Public Service Co.*, 348 Mo. 107, 152 S.W.2d 154 (1941) to support the granting of a new trial. That case is readily distinguishable because it was based on unchallenged evidence of misconduct, the court holding at l.c. 158: "All the evidence was received by the court and, on this appeal, we are not called upon to rule errors in the admission of rejection of evidence." And, the *Middleton* court acknowledged the time-honored principle that "Where, because of the well-founded rule that the testimony of a juror will not be received for the purpose of impeaching the verdict of a jury, there was no competent evidence of misconduct on the part of the jury (that is, no competent evidence by reason of the

incompetency of a juror to give such evidence as was offered)." [1]

We hold that neither the affidavit nor the testimony of the jurors was admissible after trial to impeach the previous verdict, and the court erred in granting a new trial on the alleged ground of jury-misconduct.

Cause remanded with directions to re-enter judgment for defendant.

SMITH and McMILLIAN, JJ., concur.

---

1. In *McDaniel v. Lovelace*, 439 S.W.2d 906 [3, 4] (Mo.1969), *Middleton* is cited as authority for the rule that post-trial evidence of alleged jury misconduct is inadmissible.