**Jo Anne LePIERE**

v.

**PHOENIX EMPRISE, INC.**

Civ. A. No. 79–3209.

United States District Court,
E. D. Pennsylvania.

Jan. 17, 1980.

Meyer Simon, Glenside, Pa., for plaintiff.

Paul J. Duca, Philadelphia, Pa., for defendant.

## MEMORANDUM OPINION AND ORDER

WEINER, District Judge.

Plaintiff brought this action against the defendant under the Motor Vehicle Information and Cost Savings Act, 15 U.S.C. §§ 1981–1991, alleging that she purchased a 1968 automobile from the defendant on June 24, 1977 for the price of $600.00, and that the defendant altered the odometer of the vehicle with intent to deceive the plaintiff. The case was tried to the Court sitting without a jury.

The defendant purchased a 1968 Pontiac automobile on January 28, 1977, and received a written odometer mileage statement from the seller certifying that the odometer reading of 58,662 miles was the actual mileage of the vehicle. The vehicle was driven by defendant's officers or employees until it was sold on June 24, 1977, to the plaintiff. At the time of the sale to the plaintiff, the odometer reading of the automobile was approximately 63,000 miles. Defendant failed to provide plaintiff with a written disclosure statement of the cumulative mileage registered on the odometer. The reassignment of Certificate of Title form from defendant to plaintiff contained a written notation at the top: "Mileage 86 743". The Certificate of Title received by plaintiff from the Department of Transportation, Commonwealth of Pennsylvania, indicated that the mileage at purchase was in the 86 thousands. Defendant testified that he never altered the odometer.

The Motor Vehicle Information and Cost Savings Act provides that a transferor of a motor vehicle is required to give the transferee a written disclosure of the cumulative mileage registered on the odometer. 15 U.S.C. § 1988(a)(1).

The act further provides at section 1989:

"(a) Any person who, with intent to defraud, violates any requirement imposed under the subchapter. . . ."

The parties, at trial, stipulated that transferor failed to give the plaintiff, transferee, the written mileage statement required by § 1988 of the act. Although that constitutes a violation of the act by the defendant, it does not of itself entitle plaintiff to recover. To recover under the act, the plaintiff must show not only a violation of the act, but also that the commission of the violation was coupled with an intent to defraud. *Shore v. J. C. Phillips Motor Co.*, 567 F.2d 1364 (5th Cir. 1978).

We do not find the requisite intent to defraud. There was no showing by the plaintiff that defendant tampered with the odometer. This case differs from the classic cases falling under the act. In those cases, at the time the vehicle is sold, the actual mileage is in excess of that indicated on the odometer. *Levine v. Ark–Les Switch Corp.*, 451 F.Supp. 55 (W.D.Pa.1978), *Kantorczyk v. New Stanton Auto Auction, Inc.*, 433 F.Supp. 889 (W.D.Pa.1977). In the case *sub judice*, the vehicle odometer at the time defendant sold it to plaintiff registered a higher number of miles (63,000) than was on it (58,662) at the time defendant purchased the vehicle. There was no testimony that the actual mileage was in excess of that indicated on the odometer. Although plaintiff received a Certificate of Title indicating 86,000 miles on the vehicle when she purchased it, there was no testimony presented by plaintiff to account for that mileage. Further, there was no testimony presented by plaintiff concerning the written "mileage 86 743" which appeared at the top of the reassignment of title form. When defendant purchased the automobile, the odometer reading was 58,662 miles. If the figure of 86 743 miles is correct, the car would have had to be driven 28,081 miles during the five months defendant owned it, over 1300 miles per week. A traveling salesman would have difficulty covering that many miles per week. Since defend-

ant is engaged in the used car business, with many cars in its inventory, it is inconceivable that a nine year old automobile would be used by it for such prolonged driving. Even assuming *arguendo* that defendant put that information there, how can that prove intent to defraud. That mileage figure exceeded the mileage shown on the odometer by almost 24,000 miles. Why would the defendant write such an inflated mileage figure on that form to be reproduced on the certificate of title? What had he to gain? The plaintiff has clearly failed to meet her burden of proof. She has failed to prove intent on the part of defendant to defraud her in failing to provide her with a written mileage statement. We therefore enter judgment in favor of the defendant.

In accordance with Rule 52(a) of the Federal Rules of Civil Procedure, the above Memorandum Opinion constitutes this Court's Findings of Fact and Conclusions of Law.