**COMMERCE BANK OF LEBANON, N.A., Plaintiff-Appellant,**

v.

**Bill BERRY, Randy Morse, and Barbara Morse, Defendants-Respondents.**

No. 48982.

Missouri Court of Appeals, Eastern District, Southern Division.

June 11, 1985.

John A. Layton, Cape Girardeau, for plaintiff-appellant.

John P. Heisserer, Richey, Price, Spaeth & Heisserer, Cape Girardeau, for defendants-respondents.

DOWD, Presiding Judge.

This appeal is from a judgment following a jury verdict in favor of the defendants in an action on a guaranty of a note.

On May 9, 1977, defendants gave to plaintiffs their written continuing guaranty of indebtedness of Medi-Mart, Inc., a corporation whose stock was owned by defendants. The agreement allowed for revocation of the guaranty by "service" on the plaintiff bank's president, vice-president, cashier, or secretary. On May 17, 1977, plaintiffs bank executed a promissory note with Medi-Mart in the sum of $40,000.00 and deposited said amount in the corporation's account.

On November 20, 1978, parties who had bought the defendants' interest in Medi-Mart advised the bank of that fact by mail. According to testimony at trial, defendants sent written revocation of the guaranty to the plaintiff bank in an envelope which was not marked to the attention of any particular individual at the bank. On December 1, 1978, the bank accepted Medi-Mart's new note for $45,000.00 and cancelled the old note. Plaintiff's own records for this note do not show defendants as guarantors. In 1981, Medi-Mart defaulted on the loan leaving a principal balance due plaintiff bank of $40,550.39. The jury returned an unani-

mous verdict in favor of defendants. Plaintiff's motion for judgment notwithstanding the verdict and in the alternative a motion for a new trial were denied.

 Plaintiff's sole point on appeal is that the trial court erred in denying plaintiff's motion for judgment n.o.v. or in the alternative plaintiff's motion for a new trial because the evidence was insufficient to submit the affirmative defense of revocation to the jury. In deciding whether a party who had obtained a jury verdict, made a submissible case, evidence must be viewed in a light most favorable to that party giving him the benefit of all inferences which may be reasonably drawn from evidence in support of his cause of action. *Smith v. Allied Supermarkets, Inc.*, 524 S.W.2d 848, 849 (Mo. banc 1975). Directing a verdict at the close of all the evidence, or reversing the decision not to do so in a motion for judgment notwithstanding the verdict should be done only when all of the evidence and the reasonable inferences to be drawn therefrom are so strongly against the opponent of the moving party's case that there is no room for reasonable minds to differ. *Dwyer v. Busch Properties, Inc.*, 624 S.W.2d 848, 852 (Mo. banc 1981).

To effect a revocation per the guaranty agreement, there must be "service" upon certain delineated bank officers of a written statement. "Service" is "the act of bringing a legal writ, process, or summons to notice actually or constructively as prescribed by law." Webster's Third New International Dictionary (1976). The guaranty agreement does not specify "personal service" but merely "service." Therefore, service by mail would be effective under the agreement to revoke said agreement. There is evidence which the jury obviously believed that two defendants separately sent written revocations to the bank. Proof of proper mailing creates a rebuttable presumption of receipt by the addressee. *Cohn v. Missouri Terminal Oil Co.*, 590 S.W.2d 381 (Mo.App.1979).

While the addressee of the letters of revocation was the bank and not one of the delineated officers of the bank, the bank president testified that mail coming to the bank which dealt with the Medi-Mart loan and not specifically addressed to anyone would go to him. Also, the fact that the defendants were no longer listed as guarantors on the new Medi-Mart loan of $45,000.00 gives rise to an inference that revocation was received by an appropriate bank officer. Therefore, there is room for reasonable minds to differ as to whether one of the appropriate bank officers received the written revocation of defendants. Thus, denial of motion for judgment notwithstanding the verdict and in the alternative a motion for a new trial was proper.

Judgment is affirmed.

CRIST and CRANDALL, JJ., concur.