INTERNATIONAL HARVESTER CO.,
Plaintiff/Respondent,

v.

Donald MAHACEK, D.E.M. Truck Ser-
vice, Inc., Defendants/Appellants.

No. 48911.

Missouri Court of Appeals,
Eastern District.

Jan. 28, 1986.

Motion for Rehearing and/or Transfer
Denied March 4, 1986.

James M. Martin, Martin, Bahn & Cervantes, St. Louis, for defendants/appellants.

Thomas M. Walsh, Suelthaus, Kaplan, Cunningham, Yates, Fitzsimmons & Wright, P.C., St. Louis, for plaintiff/respondent.

CRIST, Judge.

Respondent International Harvester Co. (IH) brought this action on account claiming charges for labor and materials furnished while performing certain repairs to appellant's (trucker's) truck. Trucker counterclaimed, seeking damages for wrongful detention of the truck. The cause was tried to a jury, which found against IH on its action on account, and for trucker on his counterclaim in the amount of $16,500. Upon a motion for new trial or in the alternative for a judgment notwithstanding the verdict, IH was granted judgment notwithstanding the verdict on trucker's counterclaim, because trucker failed to show he discharged the common law artisan's lien in favor of IH, and a new trial on IH's petition, on two grounds:

(1) "The verdict of the jury in favor of defendants ... was against the weight of the evidence in that defendants admitted they owed plaintiff the sum of $4,469.58 on said claim." and

(2) "The jury verdict in favor of defendants ... was inconsistent with the admissions of the defendants that they agreed to pay $4,469.58 to plaintiffs on plaintiff's claim." Trucker appeals.

When reviewing a grant of judgment notwithstanding the verdict, the evidence is viewed in the light most favorable to the jury's verdict, drawing all reasonable inferences in its favor. A judgment notwithstanding the verdict is only granted when the evidence and inferences so strongly militate against one party that reasonable minds could not differ. *Commerce Bank of Lebanon, N.A. v. Berry*, 692 S.W.2d 830, 831[1, 2] (Mo.App.1985). When so viewed, the evidence in this case establishes trucker presented a submissible case, and therefore the court erred in granting judgment to IH.

Trucker first brought the truck in for service on September 21, 1979. Those repairs were paid for, but the truck continued to need service, and it was returned to IH on October 8, 1979. Examination revealed the truck had major engine problems. Trucker examined other possibilities, but finally agreed to have the engine rebuilt. IH gave trucker a price quotation of $4,469.58. IH claimed this quotation, which contained charges for work done by outside firms, miscellaneous parts which may or may not have been needed, and sales tax, was a mere "guesstimate;" trucker, pointing to the detailed nature of the quotation, understood it to be a firm bid for the work. Trucker authorized the work, which took several weeks, and checked on the progress of the work by repeatedly visiting the shop during that time.

When repairs were completed, trucker was informed the repair charges were in excess of $6,900.00, for which cash was demanded. Trucker offered to pay the $4,469.58 by charging it to his account, then he offered to pay $6,900.00 by charging it to his account, and finally, he offered to pay $4,469.58 in cash. Trucker testified he would have had to borrow the money to pay in cash, and his brother testified to his willingness to make the loan. All offers were rejected, and IH retained the truck claiming a common law artisan's lien securing the repair bills.

It is undisputed that a mechanic who performs authorized repairs on a motor vehicle retains a common law possessory lien on that vehicle to secure his charges. *Poole v. McKeen*, 654 S.W.2d 362, 364[2] (Mo.App.1983). The lien is discharged by payment or tender of payment of the sum due. If there was an agreed price for the work, then payment or tender of payment of that sum discharges the lien and ends the right to possession. *See Owens v. Automobile Recovery Bureau, Inc.*, 544 S.W.2d 26, 30–32 (Mo.App.1976). IH directly posed the question in its converse instruction:

> Your verdict must be for plaintiff on defendants' counterclaim if you believe plaintiff and defendants did not have an agreed price for plaintiff to provide the labor and materials requested by defendants.

The evidence was sufficient for the jury to find the parties agreed on a firm price.

IH claims, however, there was no tender of performance by trucker so as to discharge the lien. It is agreed tender of performance is generally necessary. *See Owens*, 544 S.W.2d at 30–32. However, the evidence in this case supports a finding IH waived its right to insist upon a tender. The law does not require a person who is ready and able to perform his contractual duties to tender his performance when such would be "a vain and idle ceremony." *Owens*, 544 S.W.2d at 31; *McDermott v. Burpo*, 663 S.W.2d 256, 262 (Mo.App.1983). IH made it abundantly clear a tender of any sum less than $6,900 would be rejected. It is claimed there was no waiver because trucker was unable to tender his performance as he needed to obtain a loan to pay the amount due. However, the evidence showed an unconditional loan commitment had already been obtained, providing sufficient evidence of trucker's ability to tender. *Compare Lancaster v. Simmons*, 621 S.W.2d 935, 943–44 (Mo.App. 1981) (loan committment conditional upon clearing title). We reverse the judgment notwithstanding the verdict and reinstate the verdict of the jury.

We turn to the grant of a new trial on IH's claim on account. The trial court is granted wide discretion in granting a motion for one new trial on the ground the verdict was against the weight of the evidence. The decision is reviewed only for abuse of the discretion, which occurs only when there was no substantial evidence to support a verdict for the party awarded a new trial. *Resco Const. Co. v. Dawson Cabinet Co.*, 656 S.W.2d 324, 326[2, 4, 5] (Mo.App.1983). It cannot be contended IH did not make a submissible case on its action on account, and therefore this court will not interfere with the trial court's weighing of the evidence.

IH also claims if the actions of the trial court are set aside, then this court should reinstate a default judgment entered for IH and then set aside upon trucker's motion. However, IH, an apparently aggrieved party on this decision, did not cross-appeal from the court's judgment. Generally, a respondent, without a cross-appeal, cannot allege errors on appeal, unless he seeks to support the ruling of the trial court by pointing to other rulings which appear to be erroneous. *Martin v. Fulton Iron Works Co.*, 640 S.W.2d 491, 495[5] (Mo.App.1983). Here, IH seeks to reinstate a prior judgment, which does not tend to support the trial court's rulings on IH's post-trial motion. The issue was one to be appealed by IH.

Also, IH attacks an instruction, defining "use value" of the truck, given on behalf of trucker and objected to only in IH post-trial motion, defining "use value" of the truck. This not-in-MAI instruction did not include a reference to certain expenses which should have been considered in arriving at "use value." However, there was no evidence of these expenses presented to the jury. It appears the parties joined issue on the basis of the instruction as given and were not hindered in presenting argument on the question. We therefore can find no prejudicial error. See *Killian Const. Co. v. Tri-City Const. Co.*, 693 S.W.2d 819, 833 (Mo.App.1985); *Asher v. Broadway-Valen-*

*tine Center, Inc.,* 691 S.W.2d 478, 484[7] (Mo.App.1985).

The order granting IH judgment notwithstanding the verdict on trucker's counterclaim is reversed. The order granting IH a new trial on its action on account is affirmed.

DOWD, P.J., and REINHARD, J., concur.