**Thomas BUSALACCHI, Jr., Plaintiff,**

v.

**James L. WILLIAMSON, et al., Defendants.**

No. 87–0727C(6).

United States District Court, E.D. Missouri, E.D.

Sept. 28, 1987.

Levin & Buchholz, P.C., Stephen A. Levin, St. Louis, Mo., for plaintiff.

Richard B. Dempsey, Briegel, Dempsey, Baylard & Patane, Washington, Mo., for defendants.

## MEMORANDUM OPINION

GUNN, District Judge.

Plaintiff sues under 15 U.S.C. § 1988(b) alleging odometer fraud by defendants in their sale of an auto to plaintiff.

The credible evidence presented in this bench tried case is as follows: In December 1982, defendants purchased a 1979 Mercedes Benz automobile from AAA, Inc. in Ellenwood, Georgia. At the time of purchase, defendants were advised that the actual chassis mileage on the auto was 61,897 miles but that another engine had been placed in the auto and the true mileage of that engine was 10,500 miles. The odometer reading of the auto when purchased by defendants was 10,500 miles. The odometer mileage statement from AAA, Inc. to defendants indicated that fact. AAA therefore certified that the

---

odometer reading did not reflect the actual mileage of the auto.

Defendants, husband and wife, made application for title in Missouri and related the exact history of the auto to the Missouri Department of Revenue personnel: the prior mileage of 61,897 and the current engine mileage and odometer reading of 10,500 miles. Having been given the complete history of the auto and all details regarding its mileage, including supporting title and odometer reading papers, Missouri Department of Revenue personnel directed defendants to insert the figure 10,500 as the correct odometer reading on the title application.

By December 1985, under defendants' use, the odometer mileage had increased from 10,500 to 37,281 miles. On December 22, 1985, in response to a newspaper advertisement placed by defendants for sale of the auto, plaintiff and his father went to defendants' home and inspected the auto.

The credible evidence firmly establishes that both defendants specifically related to plaintiff and his father all the details regarding the past history of the auto. Defendants told them all they knew about the past account of the auto and its mileage, including the fact that the actual mileage was substantially in excess of that shown on the odometer. On December 23, 1985, the day after the auto was first shown to plaintiff, sale closing took place. It was at this time that defendant J. Williamson gave to plaintiff an affidavit with the following statement:

To: Whomever It May Concern
            Re: 1979 Mercedes
Recorded mileage is true since I have owned this automobile, but I cannot verify true mileage under previous ownership.

            [S] J.L. Williamson

This affidavit was submitted to comply with title transfer documents calling for such statement if the true mileage of the auto was not known by the seller or could not be verified.

Plaintiff did not at any time suggest to defendants that he had in any way been misled or supplied with fraudulent information. Defendants had no notice that anything was amiss until more than a year after the sale when they were served with a state court summons. The state case was ultimately withdrawn and this suit filed under 15 U.S.C. 1988.

## CONCLUSIONS OF LAW

Plaintiff bases his cause of action on 15 U.S.C. §§ 1986 and 1988. The § 1988 complaint is that defendants gave false statement as to the actual mileage on the Mercedes, either by verifying that they did not know the actual mileage when in fact they knew the mileage was greater than disclosed or than was shown on the odometer.

The § 1986 complaint is conspiracy to defraud.

The law pertaining to this case is clear: "To recover for a violation of a section of the Act [The Motor Vehicle Information and Cost Savings Act], a civil litigant has the ... burden of establishing an 'intent to defraud' on the part of the transferor." *Bryant v. Thomas*, 461 F.Supp. 613, 616 (D.Neb.1978).

The plaintiff has utterly failed to meet its burden in this regard. There is absolutely nothing which remotely smacks of any intent to defraud here. Defendants revealed everything regarding the auto's history; nothing was hidden. There were no false statements; no reckless disregard for the truth. *See Tusa v. Omaha Auto Auction, Inc.*, 712 F.2d 1248, 1253 (8th Cir.1983).

Under the facts here, plaintiff has failed to prove any intent on the part of defendants to defraud him. Judgment must therefore be for defendants. *Le Piere v. Phoenix Emprise, Inc.*, 500 F.Supp. 251, 253 (E.D.Pa.1980).

This memorandum opinion constitutes this Court's findings of fact and conclusions of law under Rule 52(a), Fed.R.Civ.P.

Judgment for defendants.