H. Wayne **BIZZLE** and Suzanne Bizzle,
Plaintiffs–Appellants

v.

**ENTERPRISE LEASING, et al.,**
Defendants–Respondents.

No. 52236.

Missouri Court of Appeals,
Eastern District,
Division Four.

Dec. 8, 1987.

Helton Reed, St. Louis, for plaintiffs-appellants.

Alisse Cheryl Camazine, Clayton, for defendants-respondents.

SIMON, Presiding Judge.

This appeal is from a judgment notwithstanding the jury's verdict (n.o.v.) in the Circuit Court of the City of St. Louis. The action concerned the roll back of the odometer of a 1979 Oldsmobile based on § 407.545 RSMo (1978) (now § 407.546 RSMo (1986) as amended). (All further references herein shall be to RSMo (1978) unless otherwise noted.) Plaintiffs, Wayne and Suzanne Bizzle, instituted this action against the corporations and individuals in the automobile's chain of title. The jury found in favor of defendants, Enterprise Leasing Company, Enterprise Leasing of St. Louis, Inc., Don Tabor, d/b/a Tabor Auto Sales, and Joe Bommarito. The jury found in favor of plaintiffs and against defendants, Glen Conway, d/b/a Conway Auto Sales, and Joe Boaz, d/b/a American Equipment Company and American Enterprises, in the amount of $4200.00. Conway's motion for judgment n.o.v. was sustained by the trial court. Plaintiffs' sole point on appeal is that the trial court erred in granting Conway's motion for judgment n.o.v. because plaintiffs made a submissible case against Conway. We affirm.

In deciding whether plaintiffs who had obtained a jury verdict made a submissible case, evidence will be viewed in a light most favorable to the plaintiffs giv-

ing them the benefit of all inferences which may be reasonably drawn from evidence in support of their cause of action. *Commerce Bank of Lebanon, N.A. v. Berry,* 692 S.W.2d 830, 831 (Mo.App.1985). Sustaining a motion for judgment n.o.v. should be done only when all of the evidence and the reasonable inferences to be drawn therefrom are so strongly against the plaintiffs' case that there is no room for reasonable minds to differ. *Id.*

■ In light of our standard of review, we find the facts in this case to be as follows: Plaintiffs allege that each defendant committed odometer fraud in violation of § 407.545. Plaintiffs purchased a used 1979 Oldsmobile with a diesel engine from defendant, Joe Boaz, and his partner, Wayne Grayson. After experiencing numerous mechanical problems with the automobile, the plaintiffs discovered that the odometer had been rolled back from approximately 54,000 miles to some 34,000 miles. Each defendant in the chain of title failed to insert the automobile's actual mileage on the assignment portion of the certificate of title at the time of transfer in violation of § 407.536(1).

Defendant, Enterprise Leasing Company, originally purchased the Oldsmobile on April 26, 1979. It leased the automobile for approximately three years. Upon expiration of the lease, Enterprise Leasing Company transferred the automobile to its subsidiary, defendant Enterprise Leasing of St. Louis, Inc. and did not insert the mileage on the title. The same day, the subsidiary sold the automobile to defendant, Glen Conway, d/b/a Conway Auto Sales, without inserting the mileage on the title. Thereafter, Conway sold the automobile to another used car dealer, defendant, Don Tabor, d/b/a Tabor Auto Sales, and did not insert the mileage on the title. Tabor originally planned to ship the automobile to his dealership in Arkansas, but he sold it to Wayne Grayson and his partner, defendant, Joe Boaz, d/b/a American Equipment Company and American Enterprises, and did not insert the mileage on the title. Grayson picked up the automobile from Conway's lot in the evening and

drove to a parking lot where the odometer was altered. The car was placed on American Enterprises' used car lot and defendant, Joe Bommarito, a part-time salesman for Grayson and Boaz, sold the automobile to plaintiffs. All of the above transactions occurred within the span of four weeks.

During Conway's cross-examination, he stated that several employees performed the state odometer laws' bookkeeping tasks for Conway Auto Sales and that he failed to train his employees adequately as to state law requirements for odometers.

The trial court submitted the plaintiffs' case on the following instructions, not in MAI:

### INSTRUCTION 5

The phrase "thereby intending to defraud" as used in these instructions means: To act with the specific intent to deceive or cheat, ordinarily for the purpose of bringing some financial gain to one's self.

.   .   .   .   .

### INSTRUCTION 10

On the claim of Wayne and Suzanne Bizzle against Defendant Glen Conway d/b/a Conway Auto Sales for odometer fraud your verdict must be for Plaintiffs if you believe,

First, That Defendant Glen Conway, d/b/a Conway Auto Sales, transferred ownership of the 1979 Oldsmobile without placing on the title, the correct mileage registered on the odometer at the time of transfer and,

Second, That the Defendant Glen Conway, d/b/a Conway Auto Sales, intended thereby to defraud subsequent purchasers of the automobile, and

Third, That Plaintiffs purchased the said 1979 Oldsmobile and,

Fourth, The 1979 Oldsmobile's odometer reading did not indicate the true mileage said Oldsmobile had been driven at the time Plaintiffs purchased said Oldsmobile, and,

Fifth, Plaintiffs were thereby directly caused to be damaged.

The resolution of the issue of whether plaintiffs made a submissible case revolves around the application and effect of the statutory language set forth in § 407.545(1) which provides as follows:

Any person who, *with intent to defraud*, violates any of the provisions of sections 407.510 to 407.555 shall be liable in civil damages to the purchaser or owner of the motor vehicle in an amount equal to three times the amount of actual damages sustained or one thousand five hundred dollars, whichever is the greater, and, in the case of any successful action to enforce the liability created by this section, the costs of the action together with reasonable attorney fees as determined by the court.

(Emphasis ours). The subchapter, Mileage Recorders (Odometers) Altering or Resetting Prohibited, §§ 407.510 to 407.555, does not contain a definition for the underlined phrase. Sections 407.520 and 407.525 also contain the phrase "intent to defraud." Section 407.520 specifically provides, "[t]he disconnection, resetting, or altering of any odometer shall be prima facie evidence of an intent to defraud." Plaintiffs and defendants have not suggested, nor has our research uncovered, any Missouri cases defining "intent to defraud" in a § 407.545 proceeding.

Webster's Third New International Dictionary defines "intent" as: "the design or purpose to commit any wrongful or criminal act that is the natural and probable consequence of other voluntary acts or conduct." "Defraud" is defined in the same dictionary as: "to take or withhold from (one) some possession, right, or interest by calculated misstatement or perversion of truth, trickery, or other deception." Since there is no allegation of instructional error, we find the definition of "intending to defraud" contained in Instruction 5 to be adequate. *See, State v. Harris*, 313 S.W.2d 664, 670 (Mo.1958).

Section 407.545(1) is similar to the federal statute, 15 U.S.C. § 1989(a) (1972), which provides a civil cause of action for odometer tampering. 15 U.S.C. § 1989(a) (1972) states as follows:

Civil actions to enforce liability for violations of odometer requirements; amount of damages; jurisdiction; period of limitation

(a) any person who, *with intent to defraud*, violates any requirement imposed under this subchapter shall be liable in an amount equal to the sum of—

(1) three times the amount of actual damages sustained or $1,500, whichever is the greater; and

(2) in the case of any successful action to enforce the foregoing liability, the costs of the action together with reasonable attorney fees as determined by the court.

(Emphasis ours). Once again, the phrase "intent to defraud," is not defined in the statutes. In *Tusa v. Omaha Auto Auction, Inc.*, 712 F.2d 1248 (8th Cir.1983), the court interpreting the federal statute stated, "[t]he wrongdoer's intent to defraud is ordinarily proved by circumstantial evidence." *Id.* at 1253. The court further notes that most of the federal courts which have considered the issue of intent to defraud "have been willing to infer an intent to defraud where the seller exhibited gross negligence or a reckless disregard for the truth ..." *Id.*

Plaintiffs rely on *Mayes v. Warren Hollan Motors*, 410 F.Supp. 768 (S.D.Ohio 1975) (the odometer "flipped over" after 99,999 miles) and *Delay v. Hearn Ford*, 373 F.Supp. 791 (D.S.C.1974) (the odometer was rolled back while in the possession of defendant). We find the facts in both cases distinguishable from the facts in the present case.

Each of the previous owners of the automobile, except Grayson and Boaz, failed to insert the mileage in the odometer mileage box on the assignment portion of the certificate of title as required by § 407.536(1). It is uncontroverted that each of the previous owners, except Grayson and Boaz, completed a separate odometer statement verifying the actual mileage on the automobile. None of the individuals or corporations in the chain of title had any interest, financial or otherwise, in any of the other individuals or corporations in the chain of title except for the business relationship between Enterprise Leasing Company and its subsidiary, Enterprise Leasing of St. Louis, Inc., and Grayson and Boaz.

Focusing on the evidence plaintiffs presented against Conway in a light favorable to the plaintiffs, we find that: (1) Conway purchased the automobile and thereafter sold it; (2) Conway failed to train adequately his employees regarding bookkeeping tasks required by state odometer laws; and, (3) Conway failed to insert the automobile's mileage in the assignment portion of the certificate of title as required by § 407.536(1). Although intent is generally established by circumstantial evidence, the reasonable inference of this evidence is not indicative of an intent to deceive. Plaintiffs failed to submit any evidence that the odometer was reset or altered while the automobile was in the possession of Conway, or that Conway conspired with any of the other defendants. Thus, we conclude that Conway's failure to insert the mileage in the assignment portion of the certificate of title and to train adequately his employees fails to support the proposition that Conway acted with the specific intent to deceive or cheat for the purpose of reaping a financial gain as submitted in Instructions 5 and 10. Thus, plaintiffs failed to make a submissible case.

Judgment affirmed.

CRANDALL and GRIMM, JJ., concur.