William and Dianna DUBIS,
Plaintiffs/Respondents,

v.

Walter R. CUNNING,
Defendant/Appellant,

and

Betty Cunning, Defendant.

No. 54918.

Missouri Court of Appeals,
Eastern District,
Division One.

Feb. 28, 1989.

---

Clyde C. Farris, Jr., Randall Reinker, St. Louis, for defendant/appellant.

C. Dennis Barbour, Patrick C. Gill, Florissant, for plaintiffs/respondents.

CRIST, Judge.

Walter R. Cunning (buyer) appeals the judgment in favor of William and Dianna Dubis (sellers) in the amount of $3,000 for the balance due on the purchase price of an automobile. We affirm.

This action arose out of the sale of an automobile with a defective odometer. The truck was purchased by buyer for his son's use, and was examined and taken for a test drive before it was purchased. At the time of the test drive, buyer noticed the speedometer and odometer were not working. The mileage reflected at that time was 41,467 miles. Greg Dubis, sellers' son and the primary user of the vehicle, told buyer the odometer was not operational and admitted he did not know the true mileage of the vehicle. Nevertheless, buyer purchased the truck "as is" for $4,900. Sellers received $500 cash, a $1,000 cashier's check, and two checks totalling $3,400. Before the checks could be cashed, buyer stopped payment on them.

Thereafter, sellers and buyer agreed if an independent inspection by AAA showed the truck had been driven more than 60,000 miles or if the transfer case was found to be defective, the truck would be returned to sellers and $1,100 would be refunded to buyer. The agreement further provided that if neither of the two deficiencies was discovered by AAA, sellers would execute a mileage affidavit, and buyer would keep the truck and pay sellers $3,000. The truck passed the inspection by AAA, but buyer refused to pay the $3,000. Buyer ultimately sold the vehicle to a third party for $1500.

Sellers brought an action for damages for breach of contract seeking the purchase price of the vehicle. Buyer counterclaimed claiming fraud and violations of the State and Federal odometer statutes. Judgment was rendered for sellers on their contract claim and against buyer on the counterclaim.

On appeal buyer asserts the trial court erred in ruling against him on his counterclaim because sellers' failure to comply with § 407.536, RSMo 1986, as a matter of law made them liable for damages under § 407.546, RSMo 1986.

There is no question sellers failed to comply with § 407.536, the odometer statute, by drafting an affidavit stating all facts known to them regarding the true mileage of the vehicle. This alone, however, does not compel a finding in favor of buyer.

■ Section 407.546 provides that "[a]ny person who, *with intent to defraud,* violates any of the provisions of sections 407.511 to 407.556 shall be liable in civil damages to the purchaser or owner of the motor vehicle...." § 407.546, RSMo 1986 (emphasis added). To recover, buyer must prove that by failing to comply with the odometer statute sellers "acted with the specific intent to deceive or cheat for the purpose of reaping a financial gain." *Bizzle v. Enterprise Leasing,* 741 S.W.2d 84, 87[3] (Mo.App.1987).

■ The evidence viewed in the light most favorable to the verdict shows buyers purchased the truck "as is" with an understanding that the mileage was incorrect because the odometer had malfunctioned. Although testimony differed as to what, if any, representations were made to buyer by sellers concerning estimated mileage, the determination of the credibility of witnesses was the responsibility of the trial judge in this bench-tried case. *Alice v. Ronald,* 683 S.W.2d 307, 310[5] (Mo.App. 1984).

A review of the record discloses the judge's ruling was supported by the evidence because buyer failed to prove sellers acted with the intent to defraud him. *See Busalacchi v. Williamson,* 670 F.Supp. 272, 273 (E.D.Mo.1987).

JUDGMENT AFFIRMED.

CRANDALL, P.J., and REINHARD, J., concur.