**Sam J. SANTANGELO and Roberta Santangelo, Appellants,**

v.

**GENERAL MOTORS CORPORATION, Respondent.**

**No. 54816.**

Missouri Court of Appeals, Eastern District, Division Two.

May 9, 1989.

Timothy Hill Battern, St. Louis, for appellants.

Stephen L. Beimdiek, James E. McDaniel, Lashley Baer & Hamel, St. Louis, for respondent.

GARY M. GAERTNER, Judge.

Appellants Sam and Roberta Santangelo appeal from a judgment notwithstanding the verdict issued after a jury verdict for them and against respondent, General Motors, in an action for breach of express warranty on an automobile purchased from one of respondent's dealerships. We affirm.

The facts leading up to the breakdown of appellants' automobile are largely undisputed. Appellants purchased a light duty truck from respondent's dealership. Respondent expressly warranted that the vehicle would be free from any defects in material and workmanship for the first 12,-000 miles or twelve months, whichever occurred first. While the auto was still under warranty, appellants brought it in for repairs five times with recurrent complaints of noisy brakes, high idling, and hesitation during acceleration. Each time respondent's dealer performed the work free of charge as per the warranty. The sixth time the auto was brought in for repairs, the same problems were complained of, and although the mileage on the car was over 12,000 miles, the dealer performed the requested repairs. Approximately six and one-half months later, with total mileage at 20,271 miles, the engine exploded rendering the vehicle immobile. Upon the vehicle's return to the dealer, service was refused on the grounds that the warranty was ineffective. Furthermore, the dealer declined to make any repairs to the vehicle pursuant to the extended service policy because its issuer was no longer in business.

Appellants then filed suit for breach of express warranty alleging that respondent's failure to correct the auto's mechanical defects under the warranty caused the vehicle's breakdown. At trial, respondent's automotive mechanic testified that in his opinion the engine's failure was a result of poor maintenance since appellants had not had the vehicle's first oil change at the 7,500 mile mark as advised in the maintenance schedule. Rather the maintenance records revealed that the first oil change occurred at 11,500 miles and that no other oil change occurred prior to the engine's breakdown.

The jury returned a verdict in favor of the appellants in the amount of $10,800, the vehicle's cost. The trial court granted respondent's motion for judgment notwithstanding the verdict on the grounds that there was insufficient evidence of damages to appellants other than the breakdown, and that there was insufficient evidence that the breakdown was caused by defects that occurred within the first 12 months or 12,000 miles of vehicle operation. The court also granted respondent's alternative motion for a new trial on the grounds that the verdict was against the weight of the evidence. This appeal followed.

In reviewing a judgment notwithstanding the verdict in favor of a defendant, we consider the evidence in the light most favorable to the plaintiff and give plaintiff the benefit of reasonable inferences to be drawn therefrom. *Stark v. American Bakeries Co.*, 647 S.W.2d 119, 121 (Mo. 1983). A trial court should sustain a motion for judgement notwithstanding the verdict only when all of the evidence and the reasonable inferences to be drawn

therefrom are so strongly against the plaintiffs' case that there is no room for reasonable minds to differ. *Bizzle v. Enterprise Leasing*, 741 S.W.2d 84, 85 (Mo. App., E.D.1987). Nevertheless, plaintiffs must produce substantial evidence to support their claim. "A mere scintilla of evidence is insufficient." *Conley v. Commerce Bank of St. Charles*, 599 S.W.2d 48, 50 (Mo.App., E.D.1980).

Appellants assert the trial court erred in sustaining respondent's motion for judgment notwithstanding the verdict because they presented a submissible case against respondent. Appellants argue they presented sufficient evidence to prove the ultimate breakdown of their vehicle was caused by defects in the vehicle occurring within the first twelve months or 12,000 miles of vehicle operation. Reviewing the evidence in the light most favorable to appellants and granting them the benefit of all reasonable inferences to be drawn therefrom, reasonable minds could not conclude that respondent breached the warranty.

Although the evidence revealed that appellants brought the vehicle back to the dealer six times within one year for the recurrent problem of hesitation during acceleration, our review of the record reveals no substantial evidence to support a finding that the problems occurring prior to the expiration of the warranty were related to or caused the ultimate breakdown of the engine.

Respondent's expert testified that there was nothing in the maintenance and repair records indicating a defect that would result in engine failure. Respondent's expert characterized plaintiff's recurrent hesitation problems as "fuel" problems or "driveability complaints." "Driveability" describes problems that occur during the driving of an automobile such as hesitation and surges. These problems are generally caused by timing, misadjusted carburetor or choke. Often a driveability complaint may result from the driver's perception of how the vehicle runs or drives compared to another, rather than an actual defect in the car.

Respondent's expert believed the engine failure was caused by poor engine maintenance and lack of lubrication. The expert testified that an engine defect would not have caused a sudden breakdown; some knocking or engine noises would have preceded the breakdown. He stated that sudden breakdowns generally result from lack of oil or oil that has not been changed and becomes too thick to lubricate the engine. The expert conceded on cross-examination that a valve problem could cause a "flat spot" in the acceleration, but a person would hear the valve prior to the breakdown if there were a valve problem.

Appellant Santangelo testified at length regarding the repairs effected by the Chevrolet dealership pursuant to the warranty and a brake recall. Appellants also introduced into evidence the work orders relating to each repair. However, appellant introduced no evidence which linked the problems which occurred prior to the expiration of the warranty to the engine's complete breakdown. This case before us is unlike *Hibbs v. Jeep Corp.*, 666 S.W.2d 792, 795–98 (Mo.App., W.D.1984), in which the plaintiff presented the testimony of two mechanics regarding the cause of an engine fire.

Thus, in the case before us, the trial court correctly sustained respondent's motion for judgment notwithstanding the verdict. For the reasons stated above, we affirm the judgment of the trial court.

GRIMM, P.J., and KAROHL, J., concur.