Susan D. McPHERSON, Personal
Representative of Michael W.
McPherson, Appellant,

v.

Tommy L. DAVID, individually and
d/b/a David Farms, Respondent.

No. WD 42886.

Missouri Court of Appeals,
Western District.

Jan. 22, 1991.

Motion for Rehearing and/or Transfer to
Supreme Court Denied March 5, 1991.

Application to Transfer Denied
April 9, 1991.

Weldon W. Perry, Jr., Lexington, for appellant.

John K. Thomas, Strop, Thomas and Burns, St. Joseph, for respondent.

Before LOWENSTEIN, P.J., and KENNEDY and ULRICH, JJ.

ULRICH, Judge.

Susan McPherson, individually as widow of Tim McPherson, and as personal representative of Michael W. McPherson, minor son of Susan and Tim McPherson, sued Tommy L. David, alleging that Mr. David's negligence while driving a truck caused Tim McPherson's death. The jury returned a verdict for the defendant. Mrs. McPherson appeals from the trial court's order denying her Motion for Judgment Notwithstanding the Verdict, or Alternatively for a New Trial. The judgment is affirmed.

On June 10, 1987, Tommy David and his stepson, Shawn McGuire, were north of St. Joseph, each driving separate vehicles southbound on I-29. They had left Fairfax for St. Joseph earlier that morning. Mr. David drove a flatbed truck loaded with scrap iron, and his stepson drove an empty grain truck. Mr. McGuire was to obtain a load of feed in St. Joseph, and Mr. David, apparently, was taking the scrap iron to the city.

The vehicle driven by Mr. David utilized propane as fuel, and most of the fuel in the tank then being used had been expended. Mr. David desired to access another propane fuel tank with the assistance of his stepson. He transmitted a request for assistance by CB radio to Mr. McGuire, who was then preceding Mr. David. Mr. McGuire stopped the vehicle he was driving under the Route B overpass and awaited Mr. David's arrival. Mr. David drove the flatbed truck onto the shoulder of the highway and parked the vehicle under the Route B overpass to avoid the rain then falling. The two men adjusted valve mechanisms on the two propane fuel tanks located to the rear, one on each side, of the passenger cab area of the vehicle driven by Mr. David thereby facilitating use of the fuel in the larger tank.

After the procedure was completed, Mr. McGuire entered the vehicle he had been driving and drove onto Southbound I-29 toward St. Joseph. Mr. David reentered the flatbed truck and drove onto the highway behind the vehicle driven by his stepson. The highway at the vicinity of reentry is straight with a slight descent southbound and devoid of appreciable shrubbery or other objects close to the highway to impede the vision of southbound drivers.

The truck driven by Mr. David attained a speed of forty to forty-five miles per hour and was approximately 300 or 400 yards south of the Route B overpass when it was struck in the rear by a truck driven by Tim McPherson. The impact rendered slight damage to the vehicle driven by Mr. David, but the vehicle driven by Mr. McPherson left the highway and sustained substantial damage. The cargo of corn carried by the truck driven by Mr. McPherson spilled out of the vehicle, and the vehicle came to rest near a concrete spillway. Mr. David stopped the vehicle he was driving and attempted to aid Mr. McPherson who was unconscious and pinned within the truck he

had driven. Mr. McPherson died at the accident scene from the injuries he sustained without regaining consciousness.

Mr. McPherson had been separated from his wife for two years prior to his death. Mrs. McPherson had custody of their three and a half year old son, Michael. Mr. McPherson provided no financial support to his wife following their separation, and his wife received financial support from the Division of Family Services in the form of Aid to Families With Dependent Children (AFDC).

During closing argument, Mr. David's counsel argued to the jury that Mrs. McPherson's expert witness' attempt to reconstruct the accident was so confusing that "you cannot convict a man of the responsibility of a man's murder based on that testimony." Mrs. McPherson's counsel objected, and the court sustained the objection. Appellant's counsel did not ask for a mistrial, and nothing else was said about the incident during the trial.

The jury submitted seven written statements or inquiries to the court during its deliberations. The jury returned its form of verdict and assessed 0% fault to both persons involved in the vehicular accident. Additionally, after the jury was discharged, the court discovered that apparently an unsigned note had accompanied the form of verdict. The note stated:

> The jury regrets the unfortunate accident. However, we feel the plaintiff did not prove beyond reasonable doubt that defendant Mr. David was responsible for the wrongful death of Timothy McPherson.

The court made counsel for both parties aware of the note. Mrs. McPherson moved for a mistrial, and the court denied the motion.

Mrs. McPherson raises three points on appeal. She contends, as her first point, that the jury rendered its verdict using the greater burden of proof of criminal cases, "beyond a reasonable doubt," thereby imposing on her a greater burden than that required in civil cases. She also contends, as point two, that the jury's verdict, finding neither driver involved in the accident at fault, was unsupported by substantial evidence and against the weight of the evidence, which she contends established Mr. David's fault. Finally, as point three, Mrs. McPherson claims that the jury's conduct and resulting verdict demonstrate it did not adhere to the court's instructions.

Mrs. McPherson contends that the jury's verdict was rendered using "beyond a reasonable doubt" as plaintiff's burden of proof instead of the burden of proof required by MAI 3.01. She claims the note, which states in part, "... we feel the plaintiff did not prove beyond a reasonable doubt that defendant Mr. David was responsible for the wrongful death of Timothy McPherson," and which apparently accompanied the completed form of verdict, supports her allegation. She also claims opposing counsel's statement during closing argument that, "You cannot convict a man of the responsibility of a man's murder," is additional support for her premise. The court's instructions included MAI 3.01, the required burden of proof in civil cases.

■ The unsigned note which apparently accompanied the form of verdict was discovered after the jury was discharged. Assuming that the note was written by a juror, no evidence was elicited as to whether the note expressed the opinion of more than a single member of the jury. Whether a juror understood the law as contained in the court's instructions, did not join in the verdict, voted a certain way due to a misconception of the evidence or other matters "resting alone in the juror's breast" will not be inquired into. *Baumle v. Smith*, 420 S.W.2d 341, 348 (Mo.1967). At least two reasons exist for precluding jurors' statements as a basis for impeaching a verdict. First, if verdicts could be set aside for such reasons, thus prompting inquiry into the jury's deliberations because a juror's statements indicate that he did not understand the law or properly weigh the evidence, virtually all litigation would be without conclusion. Second, the juror's mental process is secret to the juror and is incapable of refutation or corroboration. *Id.*

The note does not by itself reveal that it was more than a single juror's statement. The law is well settled that a juror may not, over objection, be heard, by testimony or affidavit, to impeach the jury's verdict, and the note in this case has no greater status than a juror's affidavit or testimony. *See Mayberry v. Clarkson Construction Co.*, 482 S.W.2d 721, 724 (Mo.1972); *Williams Carver Co. v. Poos Bros., Inc.*, 778 S.W.2d 684, 688 (Mo.App.1989); *Roach v. Consolidated Forwarding Co.*, 665 S.W.2d 675, 679 (Mo.App.1984); *Gantz v. Leibovich*, 569 S.W.2d 373, 374 (Mo.App. 1978); *Anderson v. Independent Mutual Fire Ins. Co.*, 453 S.W.2d 609, 614 (Mo.App. 1970).

■ Mrs. McPherson contends opposing counsel's argument that the jury could not "convict a man of responsibility of a man's murder" based on the testimony of plaintiff's accident reconstruction expert witness requires that the verdict be set aside because the argument errantly implies to the jury that it is to apply the burden of proof in a criminal case which is greater than the burden applied in civil cases. When Mr. David's counsel made this statement during closing argument, Mrs. McPherson's counsel objected. The court sustained the objection. No additional action was requested. No comment about the burden of proof imposed in a criminal case was ever made in the jury's presence, and the court properly instructed the jury on its burden by giving MAI 3.01. The statement was innocuous by itself and, considered with the note previously discussed, is insufficient to establish that the jury erroneously applied a greater burden of proof than that contained in MAI 3.01. The appellant's first point is denied.

■ Mrs. McPherson contends, as her second point, that the jury verdict was not supported by substantial evidence and was against the weight of the evidence. The determination of whether the verdict is against the weight of the evidence is within the exclusive province of the trial court. *Marshall v. Edlin*, 690 S.W.2d 477, 479 (Mo.App.1985). On appeal, this court does not weigh the evidence but determines whether sufficient evidence supports the verdict and considers the evidence in the light most favorable to the party prevailing at trial, giving that party the benefit of all reasonable inferences, and disregards the opposing party's evidence except as it may support the verdict. *Id.*

■ The most favorable evidence to the defendant-respondent has been articulated and includes evidence that after switching propane tanks under the Route B overpass to permit access to additional fuel, Mr. David's stepson reentered the traveled portion of the right lane of southbound I–29. Mr. David followed and accelerated the truck he was driving to between 40 to 50 miles per hour when the truck driven by Mr. McPherson struck the rear of the truck driven by Mr. David at a point approximately 300 to 400 yards south of the Route B overpass. Nothing obstructed Mr. McPherson's view. The highway descended slightly from the Route B overpass southward. Sufficient substantial evidence supported the jury's verdict assessing no fault to Mr. David, and the assessment of no fault to Mr. McPherson is not necessarily inconsistent with the no fault assessment against Mr. David. Point two is denied.

■ Finally, Mrs. McPherson contends that the jury's several written inquiries, requests, and comments to the court during and after deliberation reflect abdication of its role as trier of fact. The first written communication submitted by the jury to the court requested certain exhibits and documentary evidence. Approximately one hour and fifteen minutes later the jury's second written communication asked two questions. Subsequently, the jury submitted several other written questions to the court. Except for the first inquiry requesting exhibits and documentary evidence, the court responded to each jury inquiry with single sentence notes signed by the judge referring the jury either to the instructions or generally to the evidence heard by the jury during trial or to both the instructions and the evidence. The notes submitted by the jury do not indicate that the jury failed to perform its

responsibility as the trier of fact, and the verdict returned does not support the contention. Point three is an additional attempt to inquire into the jury's deliberations. This issue was previously discussed, and point three is denied.

The judgment is affirmed.

All concur.