**Paul WISER, Employee/Appellant,**

v.

**FIRESTONE MASTERCARE SERVICE CENTERS, and Ins. Co. of North America, Insurer/Respondent.**

No. 67954.

Missouri Court of Appeals,
Eastern District,
Division One.

Nov. 14, 1995.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 17, 1996.

Timothy G. Noble, St. Louis, for appellant.

Dan Chatfield, St. Louis, for respondent.

REINHARD, Presiding Judge.

Claimant appeals from the Labor and Industrial Relations Commission's (Commission) awards on two claims for compensation for work-related injuries. We affirm in part and remand in part.

On January 21, 1992, claimant filed a claim for compensation for an October 1990 work-related injury (designated Injury No. 90–196045). On December 31, 1991, he filed a claim for compensation for a September 21, 1991 injury (designated Injury No. 91–179669). The claims were consolidated for the hearing before the Administrative Law Judge (ALJ), which was held on March 18, 1993. The ALJ awarded compensation on

Injury No. 91–179669 and denied compensation on Injury No. 90–196045. Regarding Injury No. 90–196045, the ALJ found it was impossible to reconcile the absence of any record of complaints by claimant to his health care provider (as demonstrated by health care provider's contemporaneous records) with claimant's testimony regarding that alleged injury.

Claimant filed applications for Commission review of both awards. On November 8, 1993, pursuant to a motion by claimant, the Commission entered an order allowing claimant to submit additional evidence pursuant to 8 CSR 20–3.030(2). The evidence was admitted during a November 30, 1993 hearing before the Commission over employer/insurer's objection.[1] On March 18, 1994, the Commission remanded the case to the Division of Workers' Compensation with directions to conduct a new hearing to "allow both parties to litigate any issues arising out of the new evidence", and then to issue a new decision based on the additional evidence. The remand order was amended on April 5, 1994, stating that "[a]fter the hearing is conducted, the evidence shall be forwarded to the Commission to issue a new decision."

The remand hearing was held before an ALJ on November 14, 1994. On February 8, 1995, the Commission entered awards affirming the May 13, 1993 awards of the ALJ denying compensation for Injury No. 90–196045 and awarding compensation for Injury No. 91–179669. In both cases, the ALJ's award was incorporated by reference.

■ In his first point on appeal, claimant attacks the propriety of the Commission's award regarding Injury No. 90–196045. He notes that the award does not address the new evidence and further, that with the additional evidence adduced, the ALJ's findings which were incorporated into the award are

1. This evidence consisted of thirty-six pages of records of claimant's health care provider, the St. Louis Labor Health Institute.

2. We note that ordinarily in the absence of a cross-appeal, a respondent cannot complain of adverse rulings by the Commission; however, if otherwise validly presented, a respondent may attack erroneous rulings for purposes of sustaining judgment in its favor. *Oertel v. John D.*

materially incorrect. Employer/insurer contends that the additional records were admitted into evidence pursuant to the Commission's misinterpretation of 8 CSR 20–3.020(2), and, thus, could have been disregarded by the Commission when it finally made its award.[2] However, employer/insurer concedes there are "procedural problems" with the award and further states the "findings of fact are probably not complete." Thus we remand to the Commission in the matter of Injury No. 90–196045.

Claimant also asserts that the Commission erred "in denying [him] a permanent total disability award in Injury Number 91–1796[6]9 because that decision is unsupported by substantial evidence...."

■ In the award, claimant was found to have sustained 20% permanent partial disability of the body as a whole referable to the lower back due to the September 21, 1991 work injury. The Commission's award was for 80 weeks of disability at $213.57 a week, totalling $17,085.60.[3] That award is supported by substantial and competent evidence on the whole record. *See* § 287.495, RSMo 1994; Mo. Const. Art. V., § 18; *Davis v. Research Medical Center,* 903 S.W.2d 557, 565 (Mo.App.W.D.1995). Little purpose would be served by an extended discussion of the evidence here.

The Commission's award in Injury No. 91–179669 is affirmed; the award in Injury No. 90–196045 is remanded to the Commission for reconsideration of its findings and conclusions. We express no opinion regarding the evidentiary issue or factual dispute.

KAROHL, J., concurs.

WHITE, Special Judge, concurs.

*Streett & Company,* 285 S.W.2d 87, 98 (Mo.App. 1955); *Intern. Harvester Co. v. Mahacek,* 705 S.W.2d 603, 605 (Mo.App.1986).

3. Previously, employer/insurer paid claimant temporary total disability in the amount of $13,786.51. These payments represented compensation for the period of December 31, 1991 through November 23, 1992.