**Alonzo FIELDS and Neptorie Fields, Appellants,**

v.

**MITCH CRAWFORD'S HOLIDAY MOTORS COMPANY, Respondent.**

**No. WD 52652.**

Missouri Court of Appeals, Western District.

June 24, 1997.

Peter J. Koppe, Kansas City, for appellants.

Daniel Herrington, Kansas City, for respondent.

Before BERREY, P.J., and SPINDEN and SMART, JJ.

BERREY, Presiding Judge.

This appeal follows a jury verdict against appellants Alonzo and Neptorie Fields on their claims for common law fraud and violation of Missouri's odometer statutes, § 407.511, RSMo 1986, *et seq.* In a single point, appellants argue that the trial court erred in overruling their motion for new trial or judgment notwithstanding the verdict because the jury's verdict was against the weight of the evidence. Affirmed.

Appellants purchased a used 1986 Chrysler Fifth Avenue from Jack Stock, a salesman for respondent, on May 26, 1990. The odometer read 47,867 miles, but the car's actual mileage was 70,843. Respondent replaced the original odometer three years earlier in its service department. The car was then owned by Constance Morgan. A mechanic placed a sticker on the driver's door frame to notify any interested individual of the replaced odometer. The underlined portions of the notice were handwritten and the notice reads:

> The odometer in this vehicle has been replaced with a new odometer with an initial reading of 0 miles. The mileage on the odometer replaced was 22,976 miles. Replacement date: June 10, 1987. This notice is provided in accordance with the Motor Vehicle Information and Cost Savings Act—removal or alteration of this notice is unlawful.

In April, 1990 Ms. Morgan traded in the 1986 Fifth Avenue for a new car from respondent. In compliance with § 407.536, RSMo 1986, she signed an affidavit indicating that an odometer discrepancy existed. Someone wrote on the affidavit, "Odometer was replaced with [—]." It does not show the car's mileage when the odometer was replaced.

When appellant Alonzo Fields visited respondent's used car lot in May, 1990, he had considerable experience in purchasing cars, having purchased "around fifty or so" cars in his lifetime. Mr. Fields also has a paralegal degree. He was not unfamiliar with the language commonly used in and the significance of contracts relating to cars.

Appellants liked the car and bought it. The salesman, Mr. Stock, knew that the car's actual mileage exceeded 70,000 miles and he informed Mr. Fields that the odometer had been replaced. Although disputed at trial, Mr. Stock testified that he showed Mr. Fields the notice on the driver's door frame.[1] In any event, Mr. Stock neither told Mr. Fields how many actual miles the car had been driven nor did he show Mr. Fields any document displaying the car's actual mileage.

Mr. Stock filled out a retail buyers order and indicated that the odometer read 47,867 miles. The order reveals nothing about the car's actual mileage and Mr. Stock stated that he made a "mistake" when he filled it out. Mr. Fields signed the order on the front and back. An odometer disclosure statement likewise showed the car's mileage as 47,867 miles, but Mr. Fields noticed that a box on the statement was marked. The box reads, "Mileage reading not actual (WARNING, ODOMETER DISCREPANCY)." Despite the marked box and Mr. Stock's statement that the odometer had been replaced, Mr. Fields never asked how many miles were put on the original odometer. Mr. Fields believed that the new odometer reflected the car's actual miles. Otherwise, Mr. Fields stated, he would not have purchased the car for the price he paid.

An application for title and license, which also listed the car's mileage as 47,867, along with the odometer disclosure statement and Ms. Morgan's affidavit, were sent to the Missouri Department of Revenue (DOR). According to Shirley Ross, a DOR branch manager in Kansas City, DOR issued a certificate of title in appellants' names which erroneously listed the car's actual mileage as 47,867. Ms. Ross testified that the title should have "flagged that there was a discrepancy; this was not a true and actual mileage."

Mr. Fields admitted receiving and signing the odometer disclosure statement, but he denied having ever seen the affidavit prepared by Ms. Morgan pursuant to § 407.536. However, Mike Crawford, CEO of Mitch Crawford's Holiday Motors, testified that Mr. Fields did receive a copy of Ms. Morgan's affidavit. Beverly Wyrick, the title clerk for respondent, testified that, under company policy, appellants would have received a copy of the affidavit. Section 407.536 also required respondent to prepare an affidavit since it became the owner, and therefore a transferor, of the car immediately after Ms. Morgan. Respondent did not do so. Mr. Crawford conceded that his company should have prepared an affidavit, but explained that his company "misinterpreted" the law. He believed that providing the purchaser of a used car with the affidavit of the previous customer satisfied the statute.

Appellants initiated this action on November 16, 1993, by filing a two count petition alleging common law fraud and violation of Missouri's odometer statute. The trial court later granted summary judgment in favor of respondent. This court reversed the entry of summary judgment and remanded this action for trial in *Fields v. Mitch Crawford's Holiday Motors Co.*, 908 S.W.2d 877 (Mo.App. 1995). The jury returned a verdict in favor of respondent on both counts. This appeal followed.

 As previously noted, appellants contend the trial court erred in overruling their motion for new trial or judgment notwithstanding the verdict in that the weight of the evidence did not support the jury's verdict. Weighing evidence is within the exclusive province of the trial court and is not a function of an appellate court. *McPherson v. David,* 805 S.W.2d 260, 263 (Mo.App.1991). Rather, we must determine whether sufficient evidence supports the jury's verdict and consider the evidence in the light most favorable to the prevailing party. *Id.* "The suffi-

---

1. Mr. Fields testified that he never saw the sticker until it was shown to him by another salesman in September, 1992, more than two years after the car was purchased, when he took the car in to respondent for service.

ciency of the evidence is a question of law, but the weight of evidence is a matter of discretion." *Cole v. Plummer,* 661 S.W.2d 828, 831 (Mo.App.1983) (citation omitted).

■ Under Count I, appellants allege respondent committed fraud. The elements of fraudulent misrepresentation are: 1) false, material misrepresentation, 2) speaker's knowledge of its falsity or his ignorance of the truth, 3) speaker's intent that it should be acted upon by hearer in manner reasonably contemplated, 4) hearer's ignorance of falsity of the misrepresentation, 5) hearer's reliance on its truth, 6) hearer's right to rely thereon, and 7) hearer's consequent and proximately caused injury. *Thoroughbred Ford, Inc. v. Ford Motor Co.,* 908 S.W.2d 719, 731 (Mo.App.1995). Each of these elements must be established with sufficient evidence. *Id.* Under Count II, appellants allege respondent violated Missouri's odometer statutes. Section 407.546, RSMo 1986 provides that "[a]ny person who with intent to defraud, violates any of the provisions of sections 407.511 to 407.556 RSMo, shall be liable in civil damages...." The phrase "intent to defraud" has been defined to mean an act "with the specific intent to deceive or cheat, ordinarily for the purpose of bringing some financial gain to one's self." *Bizzle v. Enterprise Leasing,* 741 S.W.2d 84, 85 (Mo. App.1987).

■ Respondent's conduct in this case falls dangerously close to fraudulent misrepresentation, although the jury was not required to believe there was an intent to defraud. Mr. Stock knew that the odometer did not accurately depict the car's actual miles. A used car's actual mileage is material information to a prospective buyer. Such information could have been easily retrieved and disclosed. Yet, Mr. Stock failed to do so orally or in writing when he filled out the paperwork to complete the sale. Mr. Stock instead went half way and informed Mr. Fields that the odometer had been replaced without disclosing the car's actual mileage. However, Mr. Fields is an experienced car buyer and also holds a paralegal degree. He was forty years-old at the time of trial. He knew the odometer had been replaced and he noticed that the odometer discrepancy box had been checked on the retail buyers order. The jury could have believed Mr. Fields should have investigated the actual mileage. Furthermore, even if Mr. Stock did not show Mr. Fields the notice on the driver's door frame, the notice was in a place likely to be seen. Mr. Stock certainly could have been more helpful, but his disclosures, given Mr. Fields' background and knowledge, sufficiently placed Mr. Fields on notice of the odometer discrepancy. Mr. Fields, for whatever reason, failed to question the accuracy of the car's odometer. We thus find that there was sufficient evidence that the jury could have reasonably concluded that respondent did not intentionally defraud appellants.

■ As for respondent's failure to prepare an affidavit as required by § 407.536, the jury concluded that respondent did not intend to defraud appellants, as required by section 407.546, which authorizes civil actions for odometer violations. The jury alone may judge the credibility of witnesses and the weight and value to be given their testimony, and can believe or disbelieve any part of that testimony. *Roark Motor Lodge Interval Sales Corp. v. Lindner,* 779 S.W.2d 684, 686 (Mo.App.1989). Mr. Crawford testified that his company misinterpreted the law. Appellants were unable to convince the jury that respondent's violation resulted from an intent to defraud. To the contrary, the jury could have found that respondent provided appellants with Ms. Morgan's affidavit and, although it unfortunately did not indicate the mileage of the original odometer, it clearly showed that an odometer discrepancy existed. We find that there was sufficient evidence to support the jury's verdict on this issue.

The trial court did not abuse its discretion in overruling appellant's motion for new trial or judgment notwithstanding the verdict.

Affirmed.

All concur.